FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS '5 MAR -9  A 10: 55
(EASTERN DIVISION)

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| JUSTIN COOK, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
|  | ) |
| CRUISECOMPETE, LLC, | ) |
| HEIDI ALLISON-GARRETT, | ) |
| ERIC BUSICK, and | ) |
| ROBERT A. LEVINSTEIN, | ) |
| Defendants. | ) |
|  | ) |

**05   10443   JLT**

[Civil Action No. SUCV2005-00450
in the Superior Court Department of
the Trial Court of the Commonwealth
of Massachusetts for the County of Suffolk]

RECEIPT # _____
AMOUNT $ ____ 250.00
SUMMONS ISSUED __ N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __ MP.
DATE ____ 3/9/05

**NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS:**

MAGISTRATE JUDGE ____ JGD

    Defendants CruiseCompete LLC, Heidi Allison-Garrett, Eric Busick and Robert A.

Levinstein (collectively "the Defendants"), by this notice, pursuant to 28 U.S.C. § 1441(a),

hereby remove this civil action to the district court of the United States for the district and

division embracing the place where the above captioned action is pending. Each and all of the

Defendants reserve all rights, including but not limited to defenses and objections as to venue,

personal jurisdiction, process and service. The filing of this notice of removal is subject to, and

without waiver of, any such defenses and objections. In support of this Notice of Removal, the

Defendants, allege the following short and plain statement of the grounds for removal:

    1.    Defendants CruiseCompete LLC, Heidi Allison-Garrett, Eric Busick and Robert
        A. Levinstein are the defendants in a civil action originally filed, based on
        information and belief, on February 4, 2005 in the Superior Court Department of

1

the Trial Court of the Commonwealth of Massachusetts for the County of Suffolk, Case No. SUCV2005-00450, entitled <u>Justin Cook v. CruiseCompete LLC, Heidi Allison-Garrett, Eric Busick and Robert A. Levinstein.</u>

## TIMELINESS OF REMOVAL

2.    Defendants were served by mail with summons and complaint on February 9, 2005; this removal is timely under 28 USC § 1446(b).

3.    True and complete copies of all the process and pleadings served and received (although objections to such service and sufficiency of such service are expressly reserved and is not waived), on defendants in this action are attached as Exhibit 1 and no further proceedings have been had.

## BASIS FOR JURISDICTION

4.    This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 USC § 1332.

5.    This is a civil action in which the matter in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.    Plaintiff is a citizen of the Commonwealth of Massachusetts.

7.    Defendant CruiseCompete, LLC is a limited liability company with its state of incorporation being of Iowa and its principal place of business located in Iowa. Defendant CruiseCompete, LLC is a citizen of the State of Iowa. The members of CruiseCompete, LLC are citizens of Michigan and Iowa.

8.    Defendant Heidi Allison Garrett is a citizen of the State of Michigan.

9.    Defendant Erick Busick is a citizen of the State of Iowa.

10.   Defendant Robert A. Levinstein is a citizen of the State of Iowa.

11.   No defendant in this action is a citizen of the Commonwealth of Massachusetts, the State in which this civil action was brought.

12.   Pursuant to 28 U.S.C. § 1446(d), written notice of this notice (along with a copy attached thereto) is being provided to counsel for the plaintiff, and a copy of this Notice of Removal is being filed with the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the County of Suffolk.

13.   Pursuant to Rule 81.1 of the Local Rules of the United States District Court for he District of Massachusetts, within thirty days of the filing of this Notice of

2

Removal, Defendants will file in this Court certified or attested copies of the summons and complaint and docket entries in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the County of Suffolk.

14.    Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Defendants file this notice to remove the action, now pending in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the County of Suffolk, Case No. SUCV2005-00450 from that Court to this Court.

SPECIALLY APPEARING
DEFENDANTS CRUISECOMPETE, LLC,
HEIDI ALLISON-GARRETT, ERIC
BUSICK AND ROBERT A. LEVINSTEIN,

By their attorney,

Daniel C. Hohler (BBO#633065)
233 Needham Street, Suite 300
Newton, MA 02464
Tel: (617) 454-1450
Fax: (617) 454-1451
Email: dhohler@hohlerlaw.com

Dated: March 9, 2005

CERTIFICATE OF SERVICE

I, Daniel C. Hohler, hereby certify that a copy of the aforementioned document was served via HAND/FIRST CLASS MAIL, postage prepaid, on all attorneys of record.

Date: 3/9/05

3



U.S. F
PAI
CAMBRI
02
FEB 1
AMOU
$0
0010

9264    50312

UNITED STATES
POSTAL SERVICE

LAW OFFICES OF

## MONAHAN & PADELLARO

BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MA 02141

From:

NOTIFIED
2-14-05
2-11 von

To:

Mr. Robert A. Levinstein
CruiseCompete, LLC
673  61st Street
Des Moines, Iowa    50312



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7004 0750 0000 0908 5223

**Law Offices of**
**MONAHAN & PADELLARO**
ATTORNEYS-AT-LAW
BULFINCH SQUARE
43 THORNDIKE STREET
CAMBRIDGE, MASSACHUSETTS 02141-1714

**TEL (617) 494-1188**
**FAX (617) 494-0433**

JOSEPH W. MONAHAN, III
MARC. D. PADELLARO
M. JANE WALSH
THOMAS J. FREDA
CHRISTIAN A. PAHL

**E-MAIL**
mplaw@bellatlantic.net

February 9, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED.**
Mr. Robert A. Levinstein
CruiseCompete, LLC
673 61st Street
Des Moines, Iowa 50312

Re:  Justin Cook vs. CruiseCompete, LLC, Heidi Allison Garrett, Eric Busick
and Robert A. Levinstein
Suffolk Superior Court Civil Action No. 05-0450

Dear Mr. Busick:

Enclosed please find the following documents pertaining to the above entitled matter:

1.  Summons;
2.  Complaint and Jury Claim; and
3.  Civil Action Cover Sheet.

Kindly forward these documents to your legal representative.  Thank you.

Very truly yours,

Marc D. Padellaro

MDP:sc
Enclosures

6.  The Defendant, **Heidi Allison Garrett,** (hereinafter referred to as Garrett) is a shareholder and principal of CruiseCompete with a principal place of business at 460 Thorn Ridge Drive, Rochester, Michigan, 483017.

7.  The Defendant, **Eric Busick,** (hereinafter referred to as Busick) is a shareholder and principal of CruiseCompete with a principal place of business at 673 61st Street, Des Moines, Iowa 50312.

8.  The Defendant, **Robert A. Levinstein,** (hereinafter referred to as Levinstein) is a shareholder and principal of CruiseCompete with a principal place of business at 673 61st Street, Des Moines, Iowa 50312.

### Facts Common to All Counts

9.  On or before **May 6, 2003,** CruiseCompete contacted Cook in Massachusetts and engaged Cook to perform computer internet services for its business operations. Cook performed those services out of Massachusetts.

10. Lacking cash to pay for said services or unwilling to pay for the services, Robert A. Levinstein, as promoter of CruiseCompete offered, and Cook accepted payment in the form of a five (5%) percent interest in the Limited Liability Company that was formed to incorporate CruiseCompete.

11. On or about **May 6, 2003,** the Articles of Organization governing the Defendant's LLC, was filed with the Iowa Secretary of State's Office. (See Exhibit l).

12. At or about the same time CruiseCompete finalized its operating agreement. That operating agreement indicates that Cook was granted 50 LLC units which represented five (5%) percent of the LLC units outstanding at the time of incorporation. (See Exhibit **2**)

13. These LLC units were granted to Cook upon his substantial completion of all computer related services for CruiseCompete; subsequent to issuance, Cook's services were completed.

14. Recently, on information and belief, due to the initial success of the Company, CruiseCompete has been the subject of a potential buyout at a stock price greatly in excess of the current stock value of the Company.

15. After this potential interested purchaser appeared, Robert A. Levinstein, Managing Partner of CruiseCompete demanded that Cook sell his interest of the stock in the LLC for $5,000.00, a price substantially lower than the anticipated sale price to the potential buyer. (See Exhibit **3**)

16.    When Cook advised Garrett of his unwillingness to accept the demand referenced in
       Paragraph 15. Levinstein sent an email to Cook threatening that if he refused to sell his
       interest. various actions would be taken against him to either diminish or eliminate his
       five (5%) percent interest in CruiseCompete.  (See Exhibit 3).

17.    Subsequent to that threatening email. Levinstein then emailed another letter. purportedly
       invoking Section 7.5 of the Operating Agreement. (at Exhibit l).  Pursuant to that section.
       Levinstein initiated the process to remove Cook as a member of the LLC, under the
       allegation that he had failed to perform additional uncontracted services to the Company.
       (See Exhibit 4).

18.    Cook had substantially completed all services to the LLC at the time he was awarded his
       interest in the LLC: subsequent to issuance. Cook's services were completed.

19.    On information and belief, CruiseCompete and its members never intended to pay for the
       services that they contracted with Cook for and which he rendered. due to the LLC's and
       the individual defendants' intent to invoke the operating agreement to remove Cook as a
       member without just cause.

20.    On information and belief, based upon the Exhibit 3. all of the individual members of the
       LLC that are individual defendants participated in this breach of fiduciary duty and
       attempt to diminish the value of Cook's LLC units.

## Count I
## Breach of Fiduciary Duty
## Justin Cook vs. CruiseCompete, LLC

21.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded
       herein.

22.    Cook and CruiseCompete entered into a valid contract for which Cook was compensated
       with a five (5%) percent intesest in the LLC units of CruiseCompete.

23.    Pursuant to that agreement Cook provided computer internet services and consulting to
       CruiseCompete that have been completed.

24..   Cook has earned the fees per the contract. represented by the five (5%) percent interest in
       CruiseCompete and CruiseCompete's attempt to dilute or diminish the value of that
       interest is a breach of the fiduciary duty owed by each member of the LLC to each other.

       **WHEREFORE,** Cook prays that this Honorable Court award judgment in its favor and
       also award Cook:

       a)     statutory interest

b)    attorney's fees
c)    and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count II
## Breach of Fiduciary Duty
## Justin Cook vs. Heidi Allison Garrett

25.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

26.    Cook and Garrett entered into a valid contract for which Cook was compensated with a five (5%) percent interest in the LLC units of CruiseCompete.

27.    Pursuant to that agreement Cook provided computer internet services to CruiseCompete that have been completed.

28.    Cook has earned the fees per the contract, represented by the five (5%) percent interest in CruiseCompete and CruiseCompete's attempt to dilute or diminish the value of that interest is a breach of the fiduciary duty owed by each member of the LLC to each other.

**WHEREFORE,** Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count III
## Breach of Fiduciary Duty
## Justin Cook vs. Eric Busick

29.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

30..    Cook and Busick entered into a valid contract for which Cook was compensated with a five (5%) percent interest in the LLC units of CruiseCompete.

31.    Pursuant to that agreement Cook provided computer internet services to CruiseCompete that have been completed.

32.  Cook has earned the fees per the contract. represented by the five (5%) percent interest in CruiseCompete and CruiseCompete's attempt to dilute or diminish the value of that interest is a breach of the fiduciary duty owed by each member of the LLC to each other.

**WHEREFORE,** Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

### Count IV
### Breach of Fiduciary Duty
### Justin Cook vs. Robert A. Levinstein

33.  Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

34.  Cook and Levinstein entered into a valid contract for which Cook was compensated with a five (5%) percent interest in the LLC units of CruiseCompete.

35.  Pursuant to that agreement Cook provided computer internet services to CruiseCompete that have been completed.

36.  Cook has earned the fees per the contract. represented by the five (5%) percent interest in CruiseCompete and CruiseCompete's attempt to dilute or diminish the value of that interest is a breach of the fiduciary duty owed by each member of the LLC to each other.

**WHEREFORE,** Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

### Count V
### Fraud
### Justin Cook vs. CruiseCompete, LLC

37.  Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded

herein.

38.    At all relevant times. Cook was and is engaged in the computer internet and consulting business in the Commonwealth of Massachusetts.

39.    At all relevant times. CruiseCompete. contracted with Cook to perform services for it by contacting Cook in Massachusetts.

40.    By its course of dealing with Cook CruiseCompete had misrepresented Cook into believing that for performance of computer internet and consulting services. Cook would receive interests in the LLC.  Cook agreed to take these interests, in lieu of cash.

41.    After performing the requisite services and receiving the LLC unit interests, CruiseCompete then embarked upon a plan to reacquire these interests at a diminished value in comparison to the services provided.

42.    CruiseCompete never intended to pay Cook the value of his services.

WHEREFORE, Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    treble damages and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count VI
## Fraud
## Justin Cook vs. Heidi Garrett

43.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

44.    At all relevant times. Cook was and is engaged in the computer internet and consulting business in the Commonwealth of Massachusetts.

45.    At all relevant times. Garrett. contracted with Cook to perform services for it by contacting Cook in Massachusetts.

46.    By its course of dealing with Cook. Garrett had misrepresented Cook into believing that for performance of computer services. Cook would receive interests in the LLC.  Cook agreed to take these interests, in lieu of cash.

47.. After performing the requisite services and receiving the LLC unit interests. Garrett then embarked upon a plan to reacquire these interests at a diminished value in comparison to the services provided.

48. Garrett never intended to pay Cook the value of his services.

WHEREFORE, Cook prays that this Honorable Court award judgment in his favor and also award Cook:

    a)     statutory interest
    b)     attorney's fees
    c)     treble damages and costs of this action
    d)     enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count VII
## Fraud
## Justin Cook vs. Eric Busick

49. Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

50. At all relevant times. Cook was and is engaged in the computer internet and consulting business in the Commonwealth of Massachusetts.

51. At all relevant times. Busick, contracted with Cook to perform services for it by contacting Cook in Massachusetts.

52. By its course of dealing with Cook, Busick had misrepresented Cook into believing that for performance of computer services, Cook would receive interests in the LLC. Cook agreed to take these interests. in lieu of cash.

53. After performing the requisite services and receiving the LLC unit interests, Busick then embarked upon a plan to reacquire these interests at a diminished value in comparison to the services provided.

54. Busick never intended to pay Cook the value of his services.

WHEREFORE, Cook prays that this Honorable Court award judgment in his favor and also award Cook:

    a)     statutory interest
    b)     attorney's fees
    c)     treble damages and costs of this action

d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count VIII
## Fraud
## Justin Cook vs. Robert A. Levinstein

55.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

56.    At all relevant times, Cook was and is engaged in the computer internet business in the Commonwealth of Massachusetts.

57.    At all relevant times, Robert Levinstein, contracted with Cook to perform services for it by contacting Cook in Massachusetts.

58.    By its course of dealing with Cook, Levinstein had misrepresented Cook into believing that for performance of computer services, Cook would receive interests in the LLC. Cook agreed to take these interests, in lieu of cash.

59.    After performing the requisite services and receiving the LLC unit interests, Levinstein then embarked upon a plan to reacquire these interests at a diminished value in comparison to the services provided.

60.    Levinstein never intended to pay Cook the value of his services

**WHEREFORE,** Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    treble damages and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## Count IX
## Violation of M.G.L. Chatper 93A
## Justin Cook vs. CruiseCompete, LLC

61.    Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

62.    At all relevant times, Cook was and is engaged in the website design business in the

Commonwealth of Massachusetts.

63. At all relevant times. CruiseCompete. contracted with Cook to perform services for it by contacting Cook in Massachusetts.

64. At all relevant times. CruiseCompete was engaged in the business in Massachusetts, including maintaining an office in Massachusetts.

65. CruiseCompete's attempt to dilute or diminish the value of amounts of LLC interests owned by Cook as payment of its contracted services is an unfair and deceptive business practice.

66. At the time of contacting with Cook. CruiseCompete's misrepresentation of offering stock in lieu of payment with no intention of offering a fair value of the stock is an unfair and deceptive business practice.

**WHEREFORE,** the Plaintiff demands treble damages. costs and attorney's fees.

<div align="center">

**Count X**
**Shareholders Derivative Action**
**Justin Cook vs. CruiseCompete, LLC, Heidi Garrett,**
**Eric Busick and Robert A. Levinstein**

</div>

67. Cook reaffirms and re-alleges the preceding paragraphs and incorporates them as pleaded herein.

68. The individual defendants are at all times the other stockholders. principals and directors of the Defendant CruiseCompete, LLC.

69. The Plaintiff brings this action as a stockholder of the corporation.

70. On behalf of all the other members of the Defendant CruiseCompete. Robert A. Levinstein forwarded an email and fax to minority member Justin Cook adopting an effort to remove minority stockholder Justin Cook from the Defendant CruiseCompete or diluting his interest in CruiseCompete, LLC. (Email and fax attached hereto).

71. The action as set forth in the paragraph above is illegal in that the plaintiff Justin Cook has violated no terms of the operating agreement and the letter is in breach of the fiduciary duties owed to Justin Cook.

72. The action as set forth above is the result of the Defendants attempting to wrongfully exclude the Plaintiff from the proceeds of any sale.

73. The Plaintiff has contacted the Defendants in an effort to resolve the claim. However,

due to the fact that the defendants threatening action and deceptive actions would make any further efforts futile. the Plaintiff has made no further attempts to contact the Defendants. The Plaintiff has fully performed. has no further obligations and the Defendants have refused to honor their commitment.

**WHEREFORE,** Cook prays that this Honorable Court award judgment in his favor and also award Cook:

a)    statutory interest
b)    attorney's fees
c)    treble damages and costs of this action
d)    enjoin the defendants from taking any action to dilute or reduce the plaintiff's interest in the corporation.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
PLAINTIFF, JUSTIN COOK

By his attorney:

Marc D. Padellaro - BBO #541847
Monahan & Padellaro
43 Thorndike St.
Cambridge, MA 02141
Tel: (617) 494-1188
Fax:(617)494-0433

## VERIFICATION OF COMPLAINT

I, Justin Cook, the Plaintiff in this matter, do hereby declare that I have read the foregoing complaint and know the contents thereof. The same is true to my knowledge except to those matters that are alleged on information and belief; as to those matters, I believe them to be true.

I declare under the pains and penalties of perjury that the foregoing is true and correct and that this declaration was executed on this **4th** day of **January, 2005.**

Justin Cook

Dated: January 4, 2005
C: My Documents Mass Complaints Justin Cook v. CruiseComplete 2nd Complaint.wpd

# EXHIBIT 1





# ARTICLES OF ORGANIZATION

OF

CruiseCompete, LLC

## TO THE SECRETARY OF STATE OF THE STATE OF IOWA:

Pursuant to Sections 301 and 303 of the Iowa Limited Liability Company Act, Chapter 490A of the 2003 Code of Iowa, The undersigned adopts the following articles of organization for the company.

### ARTICLE I
### NAME

The name of the limited liability company is CruiseCompete, LLC.

### ARTICLE II
### REGISTERED OFFICE AND AGENT

The street address of Company's initial registered office and the name of its initial registered agent at such address is Robert A. Levinstein, 673 61st Street, Des Moines, IA 50312.

### ARTICLE III
### PRINCIPAL OFFICE

The street address of Company's principal office is 673 61st Street, Des Moines, IA 50312.

### ARTICLE IV
### PERIOD OF DURATION

The Company's existence shall begin upon the acceptance of these Articles of Organization by the Secretary of State of Iowa for filing in accordance with The Iowa Limited Liability Company Act and shall continue, unless dissolved sooner in accordance with the terms of Company's Operating Agreement, for a period of 99 years.



00865

Articles of Organization
CruiseCompete, LLC
May 6, 2002

## ARTICLE V
## MANAGERS

A.  The business and affairs of Company shall be governed by Managers elected by the Members in the manner described in Company's Operating Agreement. No Member's action nor any other person's action shall bind Company except as authorized by Company's Operating Agreement.

B.  The Managers shall have all of the duties, powers, and authority as set forth in Company's Operating Agreement.

## ARTICLE VI
## NONLIABILITY AND INDEMNIFCATION

A.  No Member or Manager of Company's shall be personally responsible or liable for any of the acts, debts, liabilities, or losses of Company.

B.  No manager of Company shall be personally responsible or liable to Company or its Members or anyone else for monetary damages for breach of fiduciary duty as a Manager except for liability (i) for any breach of the Manager's duty of loyalty to Company or its Members, (ii) for acts or omissions not in good faith or which involve intentional Misconduct or a knowing violation of law, (iii) for a transaction from which the Manager derived an improper personal benefit, or a, wrongful distribution in violation of section 807 off the Iowa Limited Liability Company Act.

C.  Each person who is or was a Manager of Company (and the heirs, executors, personal representatives, administrators, or successors of such person) who was or is made a party to, or is involved in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of it fact that such person is or was a Manager of Company or is or was serving at the request of Company as a manager, director, officer, partner, trustee, employee or agent of another limited liability company, corporation, partnership, joint venture, trust, employee benefit plan or other enterprise ("Indemnitee"), shall be indemnified and held harmless by Company to the fullest extent permitted by applicable law, as the same exists or may hereafter be amended. In addition to the indemnification conferred in this Article, the Indemnitee shall also be entitled to have paid directly by Company the expenses reasonably incurred in defending any such proceeding against such Indemnitee in advance of its final disposition, to the fullest extent authorized by applicable law, as the same exists or may hereafter be amended. The right to indemnification conferred in this Article shall be a contract right.

00866

2

Articles of Organization
CruiseCompete, LLC
May 6, 2003

D. The Company may, by action of the Managers, provide indemnification to such of the officers, employees and agents of Company to such extent and to such effect as the managers shall determine to be appropriate and authorized by applicable law.

E. The rights and authority conferred in this Article shall not be exclusive of any other right which any person may have or subsequently acquire under any statute, provision of the Articles of Organization or Operating Agreement of Company, agreement, vote of Members or disinterested Managers, or otherwise.

F. Any repeal or amendment of this Article by the Members of Company shall not adversely affect any right or protection of a Manager or officer existing at the time of such repeal or amendment.

**IN WITNESS WHEREOF,** the aforesaid organizer has caused the execution of the foregoing Articles of Organization on this 6th day of May 2003.

Robert A. Levinstein
Organizer

FILED
IOWA
SECRETARY OF STATE
5-6-03
11:26AM
W348637

00867

3

# EXHIBIT 2

FROM :SHEFF LAW                    FAX NO. :6172278633              Dec. 07 2004 02:05PM  P2/18

# OPERATING AGREEMENT
## OF
## CRUISECOMPETE, LLC

Upon valuable consideration, the persons named below as "Members" hereby covenant and agree to be bound to the following as their LIMITED LIABILITY COMPANY OPERATING AGREEMENT dated this 14th day of September, 2003 (this "Agreement" or this "Operating Agreement") for CRUISECOMPETE, LLC, a limited liability company organized under the laws of the State of Iowa (hereinafter known as "the LLC"):

## ARTICLE I
## DEFINITIONS

As used in this Operating Agreement, the following terms are to have the meaning as stated below:

"LLC" means "Limited Liability Company" and "the LLC" means CruiseCompete, LLC.

"LLC Units" or "Units" means measures of ownership in the LLC. The capital structure of the LLC shall consist of Units all of the same class with equal rights for all purposes under this Operating Agreement.

"LLC Unit Percentage" means, with respect to an LLC member, the percentage derived from the following fraction: number of LLC Units held by such Member divided by the total number of LLC Units held by all Members (and, thereafter, multiplying said fraction by 100 to arrive at a percentage).

"State Law" means the laws of the State of Iowa.

"Vote in interest of LLC members" means a vote of the LLC members in which each LLC member shall have one vote per LLC Unit possessed: for example, a member possessing 150 LLC Units would have 150 votes in interest.

## ARTICLE II
## GENERAL PROVISIONS

**Section 2.1** Formation. Articles of Organization either already have been filed with the appropriate State office or shall shortly be done so. The Members shall execute or cause to be executed all other instruments, certificates, notices and documents as may now or hereafter be required for the formation, valid existence and, when appropriate, termination of the LLC as a limited liability company under the laws of the State of Iowa.

**Section 2.2** <u>Company Name</u>. The name of the LLC is "CruiseCompete, LLC" or such other name or names as may be selected by the Members from time to time, and its business shall be carried on in such name with such variations and changes as the Members deem prudent.

**Section 2.3** <u>Purpose of the LLC</u>. The purpose of the LLC is to engage in any lawful act or activity for which a limited liability company may be organized under the laws of the State of Iowa including, but not limited to, Operation of an Internet company..

**Section 2.4** <u>Place of Business</u>. The business address of the LLC shall be determined by the Members. The LLC may from time to time have such other place or places of business, within or without the State of Iowa, as the Members may decide.

**Section 2.5** <u>Registered Agent</u>. The initial registered agent and registered office of the LLC shall be as follows:

**Robert Levinstein**
673 61st Street
Des Moines, Iowa 50312

The Members may remove or replace the LLC registered agent at any time.

**Section 2.6** <u>Business Transactions of a Member with the Company</u>. A Member may lend money to, borrow money from, act as surety, guarantor or endorser for, guarantee or assume one or more obligations of, provide collateral for, and transact other business with, the LLC and, subject to applicable law, shall have the same rights and obligations with respect to any such matter as a Person who is not a Member.

**Section 2.7** <u>Company Property</u>. No real or other property of the LLC shall be deemed to be owned by any Member individually, but shall be owned by and title shall be vested solely in the LLC.

**Section 2.8** <u>No Term To Existence</u>. The LLC's existence shall commence on the date of the filing of the Article of Organization with the appropriate state office and, thereafter, the LLC's existence shall be perpetual without term.

**Section 2.9** <u>Accounting Period</u>. The close of the LLC's year for financial statement and federal income tax purposes shall be as determined by the Members.

## ARTICLE III
## MEMBERS

**Section 3.1** <u>Members</u>. The name, initial capital contribution, LLC Units and LLC Unit Percentage of the Members are set forth in the below table, which shall be amended from time to time to reflect the admission of new Members.

| Member Name | Initial Capital Contribution | LLC Units | LLC Unit % |
| --- | --- | --- | --- |

FROM :SHEFF LAW    FAX NO. :6172278823    Dec. 07 2004 02:06PM  P4/18

| Eric Busick | $ 33.33 | 333.333 | 33.3333% |
| Heidi Garrett | $ 28.33 | 283.334 | 28.3334% |
| Robert Levinstein | $ 33.33 | 333.333 | 33.3333% |
| Justin Cook | $ 5.00 | 50 | 5.0% |

**Section 3.2** Admission of New Members. New members may be admitted to the LLC by an affirmative vote in interest by the LLC members of LLC Unit in excess of 50% (i.e. 50.1% or greater) vote in interest of LLC members as defined in Section 3.5 of this agreement.

**Section 3.3** No Liability of Members. All debts, obligations and liabilities of the LLC, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the LLC, and no member shall be obligated personally for any such debt, obligation or liability of the LLC solely by reason of being a member. This section does not prevent an LLC member, should he or she so choose, from separately agreeing to guaranty or otherwise become liable for a debt which is also one of the LLC.

**Section 3.4** Access to Books and Records of LLC. Each LLC member shall have the right to inspect the books and records of the LLC during normal business hours after the giving of reasonable notice of this intent to the LLC custodian of said documents and information; however, each member gaining access to the books and records of the LLC shall hold this information confidential and only use LLC information for the furtherance of LLC business and interests or for making investment decisions regarding the member's LLC interest. Upon withdrawal or departure as a member of an LLC, a member shall deliver all LLC books and records in his or her possession to the remaining LLC members or managers.

**Section 3.5** Actions by the Members; Meetings; Quorum.

    a.  The LLC members may take any action at a meeting in person, by proxy, or without a meeting by written resolution in accordance with Section 3.5(d). Meetings of LLC members may be conducted in person or by telephone conference. A voting proxy given by an LLC Member to another person must be in writing.

    b.  Voting. Each LLC member shall be entitled to vote upon all matters for which LLC members have the right to vote. All LLC member votes shall be tallied by interest under which each member shall be entitled to one vote for each LLC Unit possessed (for example, a member possessing 150 LLC Units shall be entitled to 150 votes upon any matter submitted to the LLC Members for a vote). Each vote per LLC Unit shall carry the same weight and have the same value, for voting purposes, as every other LLC Unit. Should state law create statutory situations where LLC member votes are to be taken on a one vote per member basis, votes per member (as opposed to per LLC Unit interest) shall be limited to those specific circumstances under which state law requires such a vote.

    c.  Unless another percentage is given elsewhere in this operating agreement or by state law, all LLC member votes on any matter shall require an affirmative vote in interest by LLC members of LLC Unit in excess of 50% (i.e. 50.1% or greater) of the outstanding total to pass or approve the motion, resolution, or otherwise take action by the LLC members. For example, if there are 1000 LLC Units outstanding, a vote of 50.1 LLC Units in favor of a resolution is required for its passage unless the resolution involves a matter for which this operating agreement or state law requires a higher percentage.

    d.  Any action required or permitted to be taken at any meeting of the Members may be taken without a meeting if Members with the percentage of votes (per LLC units) sufficient to approve the action pursuant to the terms of this Agreement resolve thereto in writing and the writing or writings are filed with the LLC records of actions taken by Members. In no instance where action is authorized by written resolution shall it be required that a meeting of Members be called or notice be given; however, upon passage, a copy of the action taken by written resolution of the members shall be sent promptly to all LLC members.

    e.  Meetings of Members may be called by any LLC member, or members, collectively holding 25% or more of the outstanding LLC Units upon seven (7) days written notice to the other LLC members. Notice of a meeting called for hereunder may be made by standard U.S. mail, electronic mail, or facsimile transmission and shall contain the time, place, and purpose of such meeting. A quorum for any action to be taken at a meeting of LLC members shall be LLC members present (in person, via telephone, or by proxy) holding more than 50% of the LLC Units. Any Member may through a written instrument waive the right to receive prior notice of a meeting of the Members as described herein.

**Section 3.6** Power to Bind the LLC. No LLC member or group of members acting in their individual capacity--separate and apart from action as LLC members pursuant to this operating agreement--shall have any authority to bind the LLC to any third party with respect to any matter.

**Section 3.7** Members who are not individuals. Each Member who is an artificial entity or otherwise not an individual hereby represents and warrants to the LLC and each Member that such Member is: (a) duly incorporated or formed (as the case may be), (b) validly existing and in good standing under the laws of the jurisdiction of its incorporation or formation, and (c) has full power and authority to execute and deliver this Agreement and to perform its obligations hereunder.

**Section 3.8** Tax Matters Partner. Robert Levinstein is hereby designated as the LLC's "Tax Matters Partner" under Section 6231(a)(7) of the Internal Revenue Code of 1986, as amended (the "Code"), and shall have all the powers and responsibilities of such position as provided in the Code and the Treasury Regulations thereunder. The LLC members may remove or replace the Tax Matters Partner by a vote of the majority in interest.

<div align="center">

**ARTICLE IV**
**MANAGEMENT**

</div>

FROM : SHEFF LAW                     FAX NO. :6172379833           Dec. 07 2004 02:07PM P6/18

**Section 4.1** Management of the LLC. This LLC shall be managed by "managers" who are appointed by a majority vote (more than 50% of the outstanding LLC Units) of the LLC members; however, the LLC members reserve the right to revert to a "member managed" LLC at a later date. The number of managers to be acting at any given time shall be set by vote of the LLC members. Managers, absent another length set by vote of the LLC members, shall serve for one-year terms subject to removal for cause as set forth in Section 4.5. Other than for cause or at the end of a term, any manager may be removed by the affirmative vote in interest by LLC members of more than 50% of the outstanding LLC Units. Subject to such matters as are expressly reserved hereunder to the Members for decision under Section 4.3 of this Agreement, all matters in the ordinary course of business of the LLC shall be determined by the managers. The managers, and their terms of employment including compensation, shall be approved by a majority vote in interest of LLC members. The LLC members shall remain responsible for policy setting and approval of the overall direction of the LLC. An LLC member may also be a "manager".

**Section 4.2** Initial Managers. The initial manager of the LLC shall be: Robert Levinstein.

**Section 4.3** Matters reserved for the Members. All business and matters not within the ordinary course of business of the LLC shall be reserved to the LLC members including, but not limited to, the following list of reserved matters:

   a. the declaration or payment, directly or indirectly, of any distribution (other than Tax Distributions), whether in cash, property or securities or a combination thereof, with respect to any LLC Unit (whether by reduction of capital or otherwise);
   b. any transaction with a Member other than in the ordinary course of business on terms no less favorable to the Company than those which would otherwise be available from an unaffiliated third party;
   c. approval of the annual operating budget of the LLC;
   d. approval of any expense in excess of $7500;
   e. approval of any capital expenditure in excess of $7500;
   f. approval of the leasing of any asset whose annual lease payments shall exceed $10000;
   g. approval of the incurrence of any indebtedness or obligations with a principal amount in excess of $10000;
   h. approval of any contract or agreement with a potential monetary value in excess of $25000;
   i. entering into any new line of business;
   j. any matter otherwise within the Manager's authority and regarding which a majority in interest of the members have voted to reserve for themselves.

**Section 4.4** Power to Bind Company. No Manager or group of Managers (acting in his or their capacity as such) shall have any authority to bind the LLC to any third party with respect to any matter **except** pursuant to an affirmative vote of a majority in interest of

the members.

**Section 4.5** <u>Removal of Managers</u>. Any Manager may be removed <u>without</u> "cause" at any time during his or her term by the affirmative vote of a majority in interest of LLC members. Managers who are not reappointed by the LLC Members at the end of their term shall, also, be effectively removed from office at the expiration of their term. Any Manager may be removed with "cause" at any time during his or her term by the affirmative vote of a majority in interest of LLC members. For "cause" includes malfeasances, breach of fiduciary duty, fraud, charge of crime constituting a felony or worse, and self-dealing.

**Section 4.6** <u>Employees.</u> Except as otherwise provided for in this agreement or through a duly passed resolution by the LLC Members, the Managers shall have the power to hire and fire employees of the LLC.

**Section 4.7** <u>No Liability of Managers.</u> All debts, obligations and liabilities of the LLC, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the LLC, and no Manager shall be obligated personally for any such debt, obligation or liability of the LLC solely by reason of being a Manager.

ARTICLE V
CAPITAL STRUCTURE

**Section 5.1** <u>Capital Structure</u>. The capital structure of the LLC shall consist of one class of LLC Units each having equal rights under all provisions of this operating agreement.

**Section 5.2** <u>LLC Units</u>. 1000 LLC Units shall be issued to the Members, as set forth in Section 3.1 hereof, as part of the initial funding of the LLC.

**Section 5.3** <u>Capital Contributions</u>.

a.  Each Member shall contribute or shall have contributed, as an initial capital contribution ("Initial Capital Contribution") to the LLC the amounts set forth below. The break-down between cash and non-cash contributions by the Members is as set forth in Table 2 of Attachment 1 hereto.

| Member Name | Initial Capital Contribution |
|---|---|
| Eric Busick | $ 33.33 |
| Heidi Garrett | $ 28.33 |
| Robert Levinstein | $ 33.33 |
| Justin Cook | $ 5.00 |

b.  The Members shall complete their initial capital contributions to the capital contributions to the LLC within 20 days of the date of this agreement unless

another date is agreed upon in writing by all the LLC Members. Any Member who fails to make the required initial capital contribution as set forth in this paragraph shall indemnify all other Members of the LLC for any losses or expenses (including reasonable attorneys fees) that are caused by the failure to make the initial capital contribution as set forth herein.

**Section 5.4** Additional Capital Contributions. Members may make additional capital contributions but shall not be required to do so.

**Section 5.5** Raising Additional Capital. Additional capital may be raised by the LLC through sales of new LLC Units pursuant to an affirmative majority Vote of LLC Members. Any Member resolution authorizing the raising of additional capital through the sale of LLC Units shall state, in reasonable detail, the purposes and uses of such additional capital and the amounts of additional capital required.

**Section 5.6** No Withdrawal Of Capital Contributions. Except upon the dissolution and liquidation of the LLC as set forth herein, no Member shall have the right to withdraw its capital contributions. Furthermore, no interest shall be paid upon any member's capital account.

**Section 5.7** Maintenance of Capital Accounts. An individual capital account shall be maintained for each LLC Member consisting of the member's capital contributions and (1) increased by that member's share of LLC profits, (2) decreased by that member's share of LLC losses, and (3) further adjusted as required or allowed by the Internal Revenue Code (Title 26 of the United States Code) and / or all published Treasury Regulations (Title 26 of the Code of Federal Regulations). In all cases, the capital accounts of the members shall be accounted for in accordance with the Internal Revenue Code (Title 26 of the United States Code) and or all published Treasury Regulations (Title 26 of the Code of Federal Regulations).

## ARTICLE VI
## ALLOCATIONS AND DISTRIBUTIONS

**Section 6.1** Allocations to Capital Accounts. Except as may be required by the Internal Revenue Code (Title 26 of the United States Code) or the Treasury Regulations (Title 26 of the Code of Federal Regulations) or this Operating Agreement, net profits, net losses, and other items of income, gain, loss, deduction and credit of the LLC shall be allocated among the Members ratably in proportion to each Member's LLC Unit Percentage. For example, if a Member has an LLC Unit Percentage of 45%, he or she shall be allocated 45% of all profits or losses (and other allocation items) for any given tax year.

   a. Notwithstanding the foregoing, no item of loss or deduction of the LLC shall be allocated to a Member to the extent such allocation would result in a negative balance in such Member's capital account if other Members then have positive balances in their capital accounts. Such loss or deduction shall be allocated first among the Members with positive balances in their capital accounts in proportion

to (and to the extent of) such positive balances and thereafter to Members in accordance with their Unit Percentages.

**Section 6.2** Tax Allocations. In the case of any special tax allocations allowed under the Internal Revenue Code or Treasury Regulations, the method of allocation and formula determined by the Tax Matters Partner shall be followed so long as it complies with state law, the Internal Revenue Code, the Treasury Regulations, and fairly treats each Member. The method of tax allocation selected by the Tax Matters Partner shall be presumed to be "fair to all the members" and any Member or party challenging said allocation on these grounds shall bear the burden of proof.

**Section 6.3** Distributions. The LLC Members, by resolution issued pursuant to this agreement, may make distributions to the Members from time to time in amounts it deems appropriate; however, no distribution shall be declared or made if, after giving it effect, the LLC would not be able to pay its debts as they become due in the usual course of business or the LLC's total assets would be less than the sum of its total liabilities.

**Section 6.4** Family Partnership Savings Provision. Notwithstanding anything in this Operating Agreement to the contrary, should any provision of this Operating Agreement, or any act of the parties, result in violation of the family partnership provisions of Internal Revenue Code Sec. 704(e) (as amended) or the regulations and cases thereunder, the Members may amend this Agreement, or take any other actions reasonably necessary to prevent or correct such violation.

## ARTICLE VII
## TRANSFERS OF UNITS; WITHDRAWAL, DEATH, REMOVAL OF MEMBER

**Section 7.1** Transfer of LLC Units. No Member shall have the right to sell, convey, assign, transfer, pledge, grant a security interest in or otherwise dispose of all or any part of its LLC Units other than as follows:

a.  Only upon the following conditions may an LLC Member assign, pledge or grant a security interest in its LLC Units: (a) the assignment, pledge or security interest shall not entitle the assignee, pledgee or security interest holder to participate in the management and affairs of the LLC, to become a Member, nor to vote the Member's LLC Units and (b) such assignee, pledgee, or security interest holder is only entitled to receive the distributions the Member would otherwise be entitled to absent the assignment, pledge, or security interest.

b.  To another LLC Member. Members may freely sell, convey or otherwise transfer their LLC Units to another Member without prior approval of the LLC Members.

c.  To non-LLC Members. Subject to other provisions in this section, no Member shall be entitled to sell, convey or otherwise transfer its LLC Units to a non-LLC Member without a prior affirmative majority vote in interest of LLC Members. Prior to the vote of LLC Members upon a proposed sale, the Member seeking authorization of the sale or transfer of its LLC Units shall provide all other LLC Members with written documents detailing the exact terms of the proposed sale,

FROM :SHEFF LAW          FAX NO. :6172273833          Dec. 07 2004 02:08PM P10/18

**Section 7.2** Withdrawal Of A Member.

a. Members shall have the unilateral right to resign or withdraw at any time from the LLC.

b. A Member is required to give thirty (30) days written notice to each of the other LLC Members to initiate a withdrawal. In this notice, the withdrawing Member shall state an effective date for his or her withdraw and said date must be at least thirty (30) days after delivery of notice to all other LLC members and be the last day of a month (i.e., the 30th or the 31st). Upon receipt of said notice, the remaining LLC members shall cause a reasonably prompt preparation of financial statements for the LLC as of the effective date of withdrawal for said Member.

c. Upon withdrawal, the withdrawing Member shall receive, in exchange for his or her LLC Units, the Withdrawal Compensation Amount to be paid within 2 years of the effective date of the Member's withdrawal. The payments shall be made in two equal installments payable at the annual anniversary of the effective date of withdrawal with no interest being due nor owing upon the outstanding amount.

d. The "Withdrawal Compensation Amount" is defined herein as 100% of the withdrawing member's capital account.

e. Should the LLC fail to perform upon its obligations under this section to make payments to a withdrawing Member when due, the LLC shall, in addition to any other remedies the withdrawing Member may possess, be liable to the withdrawing Member for interest upon the amount of any deficiency at the rate of 10% per annum (compounded annually) computed from the date that said deficient payment was due to the withdrawing Member under this agreement.

f. Upon withdrawal, the withdrawing Member shall have no continuing obligations to the LLC other than pursuant to state law, this Agreement or other applicable laws or such obligations as expressly assumed by such Members.

g. A withdrawing Member shall retain the right to vote as an LLC member up until the effective date of his or her withdrawal, at which time, the withdrawing Member's LLC Units shall be considered transferred back to the LLC and the person who has withdrawn shall no longer be considered a member of the LLC. If a withdrawing Member was also a "manager" of the LLC, the withdrawing Member shall resign as a manager immediately upon giving notice of to the other LLC members of his or her intent to withdraw.

**Section 7.3** Death Of A Member.

a. Upon the death of a Member, the remaining LLC members shall cause a prompt preparation of financial statements for the LLC as of the end of the month in which the Member died which shall be the effective date of death for the deceased Member for accounting purposes under this agreement. For purposes of this section, if LLC Units are titled in the name of a revocable trust, the trustee of said revocable trust shall be treated as the Member.

b. The estate of the deceased Member (or his revocable trust if the LLC Units were so titled) shall receive, in exchange for his or her LLC Units, the Death Compensation Amount to be paid within 3 years of the effective date of the

FROM :SHEFF LAW          FAX NO. :6172278633          Dec. 07 2004 02:09PM P11/18

Member's death. The payments shall be made in three equal installments payable at the annual anniversary of the effective date of death with no interest being due nor owing upon the outstanding amount.

c.  The "Death Compensation Amount" is defined herein as an amount agreed upon between a majority in interest of the remaining LLC members and the estate of the deceased Member (or his or her revocable trust should the LLC Units been titled in its name) as the fair market value of the deceased Member's LLC Units. Should the parties be unable to agree upon a value for the deceased Member's LLC Units, they shall resolve the matter by way of arbitration. The arbitration shall be held in Des Moines, Iowa or any other place agreed to by the parties. . The arbitration shall be conducted in accordance with the rules promulgated by the American Arbitration Association. The arbitrator shall be asked to determine the fair market value of the deceased Member's LLC Units should the enterprise be sold on the open market, between a willing buyer and a willing seller, in a commercially reasonable manner upon the effective date of death. If the Members cannot agree on an arbitrator within ninety (90) days of the request for arbitration, then the estate of the deceased Member and the other LLC Members shall each select an arbitrator (the remaining Members select an arbitrator and the estate of the deceased Member selects an arbitrator), and those two arbitrators shall select a third arbitrator within sixty (60) days. The arbitration shall be completed within two hundred and ten (210) days after either party serves notice requesting arbitration. The deceased member's estate shall pay the cost/fees of all arbitrators. The deceased Member's compensation from the LLC shall cease after thirty (30) days from the date of his or her death.

d.  Should the LLC fail to perform upon its obligations under this section to make payments to a deceased Member's estate or revocable trust (as the case may be) when due, the LLC shall, in addition to any other remedies may possess, be liable to the estate of the deceased Member (or his or her revocable trust, as the case may be) for interest upon the amount of any deficiency at the rate of 10% per annum (compounded annually) computed from the date that said deficient payment was due under this agreement.

e.  Upon death, the estate of the deceased Member (or his or her revocable trust, as the case may be) shall have no continuing obligations to the LLC other than pursuant to state law, this Agreement or other applicable laws or such obligations as expressly assumed by said Member.

**Section 7.4** A Member Who Divorces.

a.  If a Member or his or her spouse files for divorce, the Member shall immediately notify the remaining Members and the Manager of the divorce proceedings.

b.  The LLC has ninety (90) days in which to decide to repurchase the divorcing Members shares as set forth herein and notice of the LLC's decision shall be provided to the divorcing member. This requires a majority vote in interest of the LLC Members, excluding the divorcing Members interests. The divorcing Member may not participate in this vote and nor may his or her shares be consider in the calculation of what constitutes a majority vote.

c.  Upon notification of divorce proceedings, the LLC members shall cause a prompt preparation of financial statements for the LLC as of the end of the month in which the notice was received for accounting purposes under this agreement. For purposes of this section, if LLC Units are titled in the name of a revocable trust, the trustee of said revocable trust shall be treated as the Member.

d.  The Member (or his revocable trust if the LLC Units were so titled) shall receive, in exchange for his or her LLC Units, the Divorce Compensation Amount to be paid within three (3) years of the effective date of the entry of the Member's divorce decree. The payments shall be made in three equal installments payable at the annual anniversary of the effective date of divorce decree with no interest being due or owing upon the outstanding amount.

e.  The "Divorce Compensation Amount" is defined herein as an amount agreed upon between the divorced member and the remaining LLC members as the fair market value of the divorced Member's LLC Units. Should the parties be unable to agree upon a value for the divorced Member's LLC Units, they shall resolve the matter by way of arbitration. The arbitration shall be held Des Moines. Iowa or any other place agreed to by the parties. The arbitration shall be conducted in accordance with the rules promulgated by the American Arbitration Association. The arbitrator shall be asked to determine the fair market value of the divorced Member's LLC Units should the enterprise be sold on the open market, between a willing buyer and a willing seller, in a commercially reasonable manner upon the effective date of the divorce. If the Members cannot agree on an arbitrator within ninety (90) days of the request for arbitration, then the divorced Member and the other Members shall each select an arbitrator (the remaining Members select an arbitrator and the divorced Member selects an arbitrator), and those two arbitrators shall select a third arbitrator within sixty (60) days. The arbitration shall be completed within two hundred and ten (210) days after either party serves notice requesting arbitration. The divorced member shall pay the cost/fees of all arbitrators.

f.  Should the LLC fail to perform upon its obligations under this section to make payments to a divorced Member or revocable trust (as the case may be) when due, the LLC shall, in addition to any other remedies may possess, be liable to the divorced Member (or his or her revocable trust or ex-spouse, as the case may be) for interest upon the amount of any deficiency at the rate of 10% per annum (compounded annually) computed from the date that said deficient payment was due under this agreement.

g.  Upon the entry of the divorce decree, the divorced Member (or his or her revocable trust or ex-spouse, as the case may be) shall have no continuing obligations to the LLC other than what is provided by state law, this Agreement or other applicable laws or such obligations as expressly assumed by said Member.

## Section 7.5 Removal Of A Member.

a.  A Member may be involuntarily removed from the LLC only under the following circumstances: substantial non-performance of required services. A Member may

be involuntarily removed from the LLC and his or her interests in the LLC terminated upon an affirmative vote of seventy-five (75%) of the Members of the LLC (not based on interests in the LLC, but based on the actual number of its Members) is required to remove a Member and terminate his or her interests in the LLC..

b. In the case of a removal for failure to perform required services, forty-five (45) days prior to any vote to remove, the other LLC Members shall cause a written notice to be issued to the Member in question specifically stating the instances, tasks and responsibilities the non-performing member has failed to perform and setting forth how that member is to cure his or her failure to adequately perform. The non-performing member shall have thirty (30) days to cure his or her non-performance from the receipt of the notice. The notice shall also state that the other LLC Members shall bring to a vote of the LLC a motion to remove said non-performing Member in forty-five (45) days for unsatisfactory performance of the required services if the non-performing member fails to cure his or her non-performance within thirty (30) days. The other LLC Members shall then give the Member in question a good faith opportunity to cure the deficiencies in performance of services prior to the vote of removal. The period of this good faith opportunity to cure need not extend beyond thirty30 days. If the Member in question cures his or her non-performance within thirty 30 days of receiving the aforementioned notice, then the motion pending before the LLC Members for removal shall be withdrawn.

c. If, after complying with the above notice and cure provisions, an affirmative vote of majority in interest of LLC Members is made to remove the Member in question, then, as of that moment, this person shall no longer be entitled to exercise any rights, powers or privileges as a Member and his or her LLC Units shall be considered redeemed by the LLC.

d. Upon the affirmative vote of majority in interest of LLC Members to remove a Member, the remaining LLC members shall cause a prompt preparation of financial statements for the LLC as of the end of the month in which the resolution was passed by the LLC Members removing said Member and this shall be the effective date of removal for the Member for accounting purposes only under this agreement.

e. Immediately upon the date of the vote removing a member, the removed member shall no longer receive any compensation from the LLC.

f. The removed Member shall receive in exchange for his or her LLC Units the Removal Compensation Amount to be paid within 3 years of the effective date of the Member's removal. The payments shall be made in three equal installments payable at the annual anniversary of the effective date of removal with no interest being due or owing upon the outstanding amount. The "Removal Compensation Amount" is defined herein as an amount agreed upon between a majority in interest of the remaining LLC members and the removed Member as the fair market value of the removed Member's LLC Units. Should the parties be unable to agree upon a value for the removed Member's LLC Units, they shall resolve the matter by way of arbitration. The arbitration shall be held in Des Moines, Iowa or in any other location agreed to by the parties. The arbitration shall be conducted

in accordance with the rules promulgated by the American Arbitration Association. The arbitrator shall be asked to determine the fair market value of the removed Member's LLC Units should the enterprise be sold on the open market, between a willing buyer and a willing seller, in a commercially reasonable manner upon the effective date of the removal. If the Members cannot agree on an arbitrator within ninety (90) days of request for arbitration, then the removed Member and the other Members shall each select an arbitrator (the remaining Members select an arbitrator and the removed Member selects an arbitrator), and those two arbitrators shall select a third arbitrator within sixty (60) days. The arbitration shall be completed within two hundred and ten (210) days after either party serves notice requesting arbitration. The removed member shall pay the cost/fees of all arbitrators.

g. Should the LLC fail to perform upon its obligations under this section to make payments to a removed Member when due, the LLC shall, in addition to any other remedies may possess, be liable to the removed Member for interest upon the amount of any deficiency at the rate of 10% per annum (compounded annually) computed from the date that said deficient payment was due under this agreement.

## ARTICLE VIII
## DISSOLUTION OF THE COMPANY

**Section 8.1** Dissolution. The LLC shall be dissolved upon the occurrence of either of the following events (each such event, a "Liquidation Event"):

   a. an affirmative vote of seventy-five (75%) of the Members of the LLC ; or
   b. the entry of a decree of judicial dissolution under state law to dissolve the LLC.

No other event--including (but not limited to) the withdrawal, removal, death, insolvency, liquidation, dissolution, expulsion, bankruptcy, or physical or mental incapacity of a Member--shall cause the existence of the LLC to terminate.

**Section 8.2** Liquidation.

   c. Should a Liquidation Event occur, the LLC shall then be liquidated and its affairs shall be wound up--including preparation of final financial statements and an accounting--by (or at the direction of) the Managers. All proceeds from the liquidation shall be distributed in accordance with state law, and all LLC Units shall, thereafter, be canceled. Distributions to the Members shall be made in accordance, and proportion, with the Members' relative Capital Account balances.
   d. Final distributions to Members shall not be made until all liabilities have been satisfied and any contingent claims against the LLC have been resolved.
   e. Upon the completion of the liquidation and distribution of the LLC's assets, the LLC shall be terminated and the Managers shall cause the

Company to execute and file a certificate of cancellation in accordance
with state law.

## ARTICLE IX
## Exculpation Of Liability: Indemnification

**Section 9.1** Exculpation of Liability. Unless otherwise provide by law or
expressly assumed, a person who is a Member or Manager, or both, shall not be
liable for the acts, debts or liabilities of the LLC to third-parties--i.e., persons
other than the LLC or LLC Members.

**Section 9.2** Indemnification. Except as otherwise provided in this Article, the
LLC shall indemnify any Member or Manager (and may indemnify any employee
or agent) of the LLC who was or is a party or is threatened to be made a party to a
potential, pending or completed action, suit or proceeding, whether civil, criminal,
administrative, or investigative, and whether formal or informal, other than an
action by or in the right of the LLC, by reason of the fact that such person is or
was a Member, Manager, employee or agent of the LLC. Indemnification shall be
limited to expenses, including attorney's fees, judgments, penalties, fines, and
amounts paid in settlement actually and reasonably incurred by such person in
connection with the action, suit or proceeding, if, **and only if,** the person acted in
good faith, with the care an ordinary prudent person in a like position would
exercise under similar circumstances. For persons other than Members or
Managers of the LLC, indemnification shall only be made after an affirmative
vote of a majority in interest of LLC Members.

## ARTICLE X
## MISCELLANEOUS

**Section 10.1** Amendment of Operating Agreement. This Agreement may be
amended by, and only by, a written instrument executed by an affirmative vote in
interest by LLC members of LLC Unit in excess of 50% (i.e. 50.1% or greater),
except an affirmative vote of seventy-five (75%) of the Members of the LLC is
required to amend this Agreement with respect to Removal Of A Member, section
7.5, or to dissolve the LLC, section 8.1.

**Section 10.2** Successors. This Agreement shall be binding as upon all successors
in interest of the Members which includes, but is not limited to, executors,
personal representatives, estates, trustees, heirs, beneficiaries, assignees,
nominees, and creditors of the Members.

**Section 10.3** Counterparts. This Agreement may be executed in several
counterparts with the same effect as if the parties executing the several
counterparts had all executed one counterpart.

FROM : SHEFF LAW          FAX NO. : 6172273853          Dec. 07 2004 02:11PM P16/18

**Section 10.4** <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Iowa. Each Member, by signing this Agreement, hereby submit to the personal and subject matter jurisdiction in the State of Iowa of any dispute between or among the Members, the LLC, and the LLC Managers connected to or regarding the business of, or investment in, the LLC.

**Section 10.5** <u>Severability; Standard for Interpretation</u>. If it shall be determined by a court or other competent body that any provision or wording of this Agreement shall be invalid or unenforceable under state or other applicable law, such invalidity or unenforceability shall not invalidate the entire Agreement. Whenever two or more interpretations of the provisions or wording of this Agreement shall be possible, the interpretation or construction which leads to the enforcement and validity of any provision of this Agreement shall be favored and deemed to be the intended interpretation of the parties to this Agreement.

FROM : S-EFF LAW                    FAX NO. :6172279833              Dec. 07 2004 02:11PM  P17/18

## ATTACHMENT 1
### MEMBER CAPITAL CONTRIBUTIONS AND REQUIRED SERVICES

#### TABLE 1--REQUIRED CAPITAL CONTRIBUTIONS

| Member Name | Total Initial Capital Contribution | Cash Capital Contribution | Non-cash Capital Contribution |
|---|---|---|---|
| Eric Busick | $ 33.33 | $ 33.33 | |
| Heidi Garrett | $ 28.33 | $ 28.33 | |
| Robert Levinstein | $ 33.33 | $ 33.33 | |
| Justin Cook | $ 5.00 | $ 5.00 | |

#### TABLE 2--REQUIRED SERVICES OF MEMBERS

| Member Name | Required Service Time | Description of Services |
|---|---|---|
| Eric Busick | part-time | Software development and web site management. |
| Heidi Garrett | part-time | Marketing and sales. |
| Robert Levinstein | part-time | Marketing, sales and strategic planning. |
| Justin Cook | part-time | On going consulting on search engine position and purchase of web traffic, including on going monitoring an adjusting of search engine strategy. |

FROM :SHEFF LAW          FAX NO. :6172273855          Dec. 07 2004 02:11PM P18/18

IN WITNESS WHEREOF, the undersigned have duly executed this Operating Agreement as of the date first above written as Members:

MEMBER                              MEMBER

_____       _____
Eric Busick                         Heidi Garrett

MEMBER                              MEMBER

_____       _____
Robert Levinstein                   Justin Cook

# EXHIBIT 3

FROM :SHEFF LAW                    FAX NO. :6172278833          Dec. 09 2004 03:02PM P3/4

MSN Hotmail - Message
                                                                    Page 1 of 2

MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat          Sign Out          Web Search          Go

 Hotmail                        Today | Mail | Calendar | Contacts

jrcook@hotmail.com  Messenger: New Message ▾                              Free Newsletters !

◄ᗡ Reply | ᗡᗡ Reply All | ◄ᗡ Forward | ✕ Delete | ☑ Junk | ᗡ Put in Folder ▾ | ᗡᗡ Print View | ᗡ Save Address

| From : | Bob Levinstein <rlevinstein@cruisecompete.com> | ◄ | ▷ | ✕ | ☐ CruiseComp... | ☐ Inbox |
|---|---|---|
| Reply-To : | rlevinstein@cruisecompete.com | |
| Sent : | Monday, November 8, 2004 6:13 PM | |
| To : | jrcook@hotmail.com | |
| CC : | cbusick@cruisecompete.com, agarrett@comcast.net | |
| Subject : | Buy-Out Offer | |

Attachment : Buyoutagreement.doc (0.02 MB)

MIME-Version: 1.0
Received: from ns1.tropicalport.com ([67.15.24.15]) by mc5-f40.hotmail.com with Microsoft SMTPSVC(5.0.2195.6824); Mon, 8 Nov 2004 10:13:56 -0800
Received: from webmail.cruisecompete.com (localhost.localdomain [127.0.0.1]) by ns1.tropicalport.com (8.12.11/8.12.11) with ESMTP id IA8IDskB001025;Mon, 8 Nov 2004 12:13:54 -0600
X-Message-Info: JGTYoYF78jFAIWV3mZUp2zrnusP3hN12P
User-Agent: SquirrelMail/1.4.3a
X-Mailer: SquirrelMail/1.4.3a
References:
Return-Path: rlevinstein@cruisecompete.com
X-OriginalArrivalTime: 08 Nov 2004 18:13:56.0632 (UTC) FILETIME=[864F3980:01C4C5BE]


Justin:

I hope all goes well with you.

After some discussion, Heidi, Eric and I would like to offer you $5,000
for your CruiseCompete LLC units.

We haven't seen a significant contribution from you over the past year,
and we don't believe that this is likely to change. The current
situation
has the three of us doing all the work while continuing to pay you, and
we're not willing to let that continue.

Our consensus is that $5,000 is a fair buy-out offer. This takes into
account the work you did early on related to SEO and the time you spent
reviewing the membership agreement a few months ago. Along with the
regular monthly checks you've been receiving, we think is very generous
compensation for the limited time you've put in.

We can get you a check within the next week or so, and make the transfer
of your shares back to the company effective January 1, 2005 so you will
still get a December partnership check. (probably $600).

As you evaluate this offer, I would like you to consider that our
Operating
Agreement gives us a lot of other options for dealing with this
situation.

We can, for example, do any or all of the following:

1. Issue additional ownership units to the other three partners,
diluting
your ownership to essentially zero;

MSN Hotmail - Message                                               Page 2 of 2

2. Begin paying salaries based on work performed, which would effectively
eliminating most or all of the monthly partnership shares;

3. Follow the procedure to remove you for lack of performance. Note that
you would bear all of the costs for arbitration and travel and payments
wouldn't even start for a year after termination.

I'm sorry that this relationship hasn't worked out better for all of us.
I just hope you can take an objective look at the situation and see it
from our point of view.

This offer is good for one week.  I have attached a draft buy-out
agreement for your review.  Please feel free to give me a call or e-mail
me if you have any questions.  Or you can simply sign, date and fax me
the
agreement and we'll get you out a check right away.

--
Bob Levinstein
CruiseCompete.Com
888-256-1750
888-256-1749 (fax)

**Notice:** Attachments are automatically scanned for viruses using McAfee

Get the latest updates from MSN

MSN Home  |  My MSN  |  Hotmail  |  Search  |  Shopping  |  Money  |  People & Chat

© 2004 Microsoft Corporation. All rights reserved. TERMS OF USE  Advertise  TRUSTe Approved Privacy Statement  Anti-Spam Policy

**EXHIBIT 4**

November 12, 2004

Mr. Justin Cook
Sheff Law Offices
Ten Tremont St. 7th Floor
Boston, MA 02108

Dear Mr. Cook:

Pursuant to section 7.5 of the Operating Agreement of CruiseCompete, LLC, this letter (sent to you via e-mail to both jrcook@hotmail.com and jcook@shefflaw.com on November 12, 2004 as well as to the above address) constitutes official notice that the majority of the Membership (consisting of Robert Levinstein, Eric Busick, and Heidi Garrett) believes that you have failed to perform required services.

Per the Operating Agreement, you have thirty (30) days from the issuance date of this letter to correct this failure.

Your initial responsibilities were to provide regular, ongoing consulting on search engine positioning, and the management of the purchase of web traffic.

Your efforts under the first task have been sporadic at best. Members have complained about the lack of organization in the information you have submitted as well as the impracticality of suggestions, and the majority membership is aware of no value the organization has derived from these efforts over the past year.

Your lack of attention to detail in managing the purchase of web traffic via pay-per-click search engines necessitated that this responsibility be handled by other members. The majority members are aware of no other projects related to the purchase of web traffic that you have brought to fruition.

You have also exhibited a general lack of planning and follow-through in all of your efforts.

In order to give you the broadest possible opportunity to correct your failure to perform, we place no strictures on the form of the remedial action. Any significant positive contribution to either revenue generation or cost savings over the next thirty (30) days will be considered, provided it is documented and submitted along with a detailed, credible action plan for you to carry out in 2005.

The majority membership group will be scheduling a vote to consider your removal as a member. The majority will base its decision on its evaluation of the written documentation you provide, so please be aware **that anything you wish us to consider must be submitted in writing.** To assist you in documenting this information, I have e-mailed you a form to be completed and submitted via e-mail to rlevinstein@cruisecompete.com by 5:00PM central time on December 20th, 2004. (Please call 888-256-1750 to verify receipt if you do not receive a receipt via e-mail). The form is an Excel document that includes detailed comments and should be self-explanatory. If you did not receive the form, please contact me immediately and I will resend it to you. If you have any questions about the form, please submit them to the above e-mail address prior to December 13th, and they will be answered via e-mail no later than December 17th.

If you wish to include any contributions you make between the end of the 30-day period (i.e., December 11th) and December 20th we will consider these as well.

Should we not receive the completed documentation by December 20th, we will understand that you have chosen not to contest your removal.

Sincerely,

Robert A. Levinstein
Managing Partner
CruiseCompete, LLC

Cc: Heidi Garrett, Eric Busick, Mark S. Levinstein (Williams & Connelly)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) JUSTIN COOK | DEFENDANT(S) CRUISE COMPETE, LLC, HEIDI ALLISON GARRETT, ERIC BUSICK and ROBERT A. LEVINSTEIN |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Marc D. Padellaro (617) 494-1188 Monahan & Padellaro 43 Thorndike St., Cambridge, MA  02141 Board of Bar Overseers number:  541847 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Fraud | ( F ) | ( X ) Yes  ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
   5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
                                             Subtotal $. . . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . . .
F.  Other documented items of damages (describe)

                                           $. . . . . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Plaintiff was induced by the fraudulent representations of Defendants
   to provide computer internet consulting services to Defendants.  Defendants
   are now attempting to dilute Plaintiff's share in Limited Liability Co.  $.400,000.00.
                                  TOTAL $.400,000.00.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                           TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12-09-04  3/3/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0450-B

Justin Cook _____, Plaintiff(s)

v.

CruiseCompete, LLC, Heidi Allison Garrett,
Eric Busick and Robert A. Levinstein, ___, Defendant(s)

## SUMMONS

Mr. Robert A. Levinstein
CruiseCompete, LLC
673  61st Street
To the above-named Defendant: Des Moines, Iowa  50312

You are hereby summoned and required to serve upon _____ Marc D. Padellaro, Esquire

Monahan & Padellaro _____ 43 Thorndike St., Cambridge, MA  02141 _____, an answer to
plaintiff's attorney, whose address is _____ the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ 9th _____ day of
February _____, in the year of our Lord two thousand five _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF     (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0450-B

Justin Cook _____ , Plaintiff(s)

v.

CruiseCompete, LLC, Heidi Allison Garrett,
Eric Busick and Robert A. Levinstein, _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:
Mr. Robert A. Levinstein
CruiseCompete, LLC
673 61st Street
Des Moines, Iowa 50312

You are hereby summoned and required to serve upon_____ Marc D. Padellaro, Esquire
Monahan & Padellaro _____
plaintiff's attorney, whose address is___ 43 Thorndike St., Cambridge, MA 02141 ___ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___ 9th ___ day of
___February___ , in the year of our Lord two thousand ___ five ___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

<div style="writing-mode: vertical-lr">
NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office.
</div>

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

IN CLERKS OFFICE

## I. (a) PLAINTIFFS
Justin Cook

## DEFENDANTS
Cruise Compete LLC, Heidi Allison-Garrett, Eric Busick, Robert A Lanterman

**(b)** County of Residence of First Listed Plaintiff  **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  Marc Padellaro
Monohan & Padellaro 43 Thorndike Street, Cambridge MA
(617) 494-1188

Attorneys (If Known)  Daniel C. Hohler
233 Needham Street, Newton MA 02464
(617) 454-1450

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05  10443  JLT

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt. Reporting | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1372, diversity jurisdiction
Brief description of cause:
tort actions relating to LLC Operating Agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 400,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE                          DOCKET NUMBER

DATE  3/9/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case** (name of first party on each side only)___Justin Cook v. CruiseCompete, LLC, et al___

*FILED IN CLERKS OFFICE*

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

*2005 MAR -9  A 10: 55*

- [✔] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

*U.S. DISTRICT COURT DISTRICT OF MASS.*

- [ ] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

- [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

**05    10443    JLT**

- [ ] IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

- [ ] V.    150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

_____

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES [ ]    NO [✔]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**
   YES [ ]    NO [↖]

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   YES [ ]    NO [↖]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES [↖]    NO [↖]

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
   YES [↖]    NO [ ]

   A.    **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division [✔]        Central Division [ ]        Western Division [ ]

   B.    **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division [✔]        Central Division [ ]        Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**
   YES [ ]    NO [✔]

(PLEASE TYPE OR PRINT)

**ATTORNEY'S NAME**  Daniel C. Hohler, Esquire (Attorney for Defendants)_____

**ADDRESS**  233 Needham Street, Newton, MA 02464_____

**TELEPHONE NO.**  (617) 454-1450_____

(CategoryForm.wpd - 2/15/05)