UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

FILED
IN CLERKS OFFICE
2005 MAR 11  P 1:43
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JUSTIN COOK,<br>          Plaintiff,<br><br>v.<br><br>CRUISECOMPETE, LLC,<br>HEIDI ALLISON-GARRETT,<br>ERIC BUSICK, and<br>ROBERT A. LEVINSTEIN,<br>          Defendants. | Civil Action No. 1:05-CV-10443-JLT<br><br>ORAL ARGUMENT REQUESTED |

### DEFENDANTS' MOTION TO DISMISS, AND IN THE ALTERNATIVE TO TRANSFER VENUE

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1 Defendants CruiseCompete LLC, Heidi Allison-Garrett ("Allison-Garrett"), Eric Busick ("Busick") and Robert A. Levinstein ("Levinstein") (CruiseCompete, Allison-Garrett, Busick and Levinstein are collectively "the Defendants") move to dismiss the Verified Complaint and Demand for Jury Trial in the above-captioned action for failure to state a claim upon which relief can be granted. In the alternative, the Defendants move to transfer this action to United States District Court for the Southern District of Iowa (Central Division) where all of the parties have submitted to jurisdiction.

The motion should be <u>allowed</u> inasmuch as: (1) a forum selection clause contained in the underlying agreement at issue in this action mandates that the action be dismissed, or alternatively pursuant to 28 U.S.C. §1404(a) be transferred to the United States District Court for the Southern District of Iowa (Central Division); and (2) Cook's claims should be dismissed for

1

failing to state a cause of action upon which relief can be granted inasmuch as the factual premise of Cook's claims are contradicted by the express terms of the underlying agreement at issue that is attached to his Verified Complaint, Counts V-VIII alleging fraud are not plead with particularity pursuant to Fed. R. Civ. P. 9(b), Count IX alleging violations of Mass. Gen. L. ch. 93A fails because what is alleged is nothing more than an intra-entity dispute not within the purview of the statutory scheme, and Count X alleging derivative action should be dismissed because Cook was not a member of CruiseCompete at the time the action was filed.

WHEREFORE, for the aforementioned reasons, and those stated in Defendants Memorandum of Reasons In Support Of Defendants' Motion To Dismiss, And In The Alternative To Transfer Venue, incorporated by reference herein and filed simultaneously herewith, Defendants respectfully request that the motion be granted and the action dismissed or alternatively transferred to the United States District Court for the Southern District of Iowa (Central Division). Defendants also submit herewith the affidavits of Timothy Cutler, Heidi Allison-Garrett, Eric Busick, Robert A. Levinstein and Daniel C. Hohler in support of the motion.

## LOCAL RULE 7.1(D) REQUEST FOR ORAL ARGUMENT

Defendants CruiseCompete LLC, Heidi Allison-Garrett, Eric Busick and Robert A. Levinstein respectfully request a hearing pursuant to Local Rule 7.1(d)

          DEFENDANTS CRUISECOMPETE LLC,
          HEIDI ALLISON-GARRETT, ERIC
          BUSICK AND ROBERT A. LEVINSTEIN,

          By their attorney,

          _/s/ Daniel C. Hohler_
          Daniel C. Hohler (BBO#633065)
          233 Needham Street, Suite 300
          Newton, MA 02464
          Tel: (617) 454-1450
          Fax: (617) 454-1451
          Email: dhohler@hohlerlaw.com

Dated: March 11, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATE

On March 8, 2005, I certify that I had a telephone conference with counsel for the plaintiff in a good faith effort to resolve or narrow the issues presented in the above motion.

          _/s/ Daniel C. Hohler_
          DANIEL C. HOHLER

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail and fax on 3/11/05