FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

2005 MAR 11 P 1:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JUSTIN COOK )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CRUISECOMPETE, LLC, )<br>HEIDI ALLISON-GARRETT, )<br>ERIC BUSICK, and )<br>ROBERT A. LEVINSTEIN )<br>   Defendants. )<br>) | Civil Action No. 1:05-CV-10443-JLT |

### AFFIDAVIT OF TIMOTHY CUTLER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER VENUE

I, Timothy Cutler, do hereby depose and state:

1. I am an attorney duly licensed to practice and in good standing in the Commonwealth of Massachusetts, am above the age of twenty-one, am competent to testify, and have personal knowledge of the facts herein. To those facts that I do not have personal knowledge I allege such facts on information and information and belief, and as to such facts believe them to be true.

2. On or about September, 2003, I was retained by CruiseCompete, LLC to review an Operating Agreement, which is attached to the Verified Complaint in the above-captioned matter as Exhibit 2. I reviewed said Operating Agreement.

3. In September 2003, I had multiple telephone conversations with Robert Levinstein, Justin Cook and Heidi Allison-Garrett regarding various provisions in the draft of the LLC agreement. One of the provisions that was discussed the most was Article 10.4 of the Operating Agreement. It was made known and understood that Article 10.4 of Operating Agreement was intended to establish Iowa as the exclusive location of disputes between the members and that Iowa law would control such disputes.

4. Justin Cook, as did other members, requested changes to the agreement. Through a negotiating process between the four founding members, some changes were made and some were not. Article 10.4 was never changed. Some of the changes that Mr. Cook requested that were made concerned the process for terminating a member's

1

interest in the LLC and amending the LLC agreement. To the best of my recollection, the changes requested by Mr. Cook were made in total or in substance.

5. I had specific conversations with Mr. Cook prior to the final version of the LLC wherein we discussed that Iowa would have the exclusive jurisdiction with respect to any claims brought regarding the LLC, and the implications of such a provision. I had similar conversations with Ms. Allison-Garrett. Mr. Cook acknowledged that it was his understanding that Article 10.4 provided that if any action was to be brought; it was to be brought in Iowa.

6. My practice is to have discussions with the founding members regarding potential disputes between members and how those disputes are addressed under the LLC agreement. I had such discussions with Mr. Cook, Mr. Levinstein and Ms. Allison-Garrett. As part of this discussion, we discussed the choice of law provision, the forum selection provision, valuation issues and termination for lack of performance.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8 DAY OF MARCH 2005.

_____
TIMOTHY CUTLER

Suffolk, ss.                                            State of Mass

Before me, the undersigned authority, personally came and appeared the affiant, Timothy Cutler, who, being first duly sworn upon oath, stated that he has read the above and foregoing document and knows the contents thereof, and that all statements of fact contained therein are true. Subscribed and sworn to before me, this 8th day of March, 2005.

_____
NOTARY PUBLIC
Address of Notary:

My Commission Expires:

WENDY A. LUBANSKI
Notary Public
Commonwealth of Massachusetts
My Commission Expires
October 24, 2008