UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| JUSTIN COOK,<br>　　　　　Plaintiff,<br>v.<br>CRUISE COMPET, LLC,<br>HEIDI ALLISON-GARRET,<br>ERIC BUSICK, and<br>ROBERT A. LEVINSTEIN,<br>　　　　　Defendants, | Civil Action No. 1:05-CV-10443-JLT<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MEMORANDUM OF REASONS IN SUPPORT OF HIS MOTION TO REMAND TO STATE SUPERIOR COURT**

**PRELIMINARY STATEMENT**

The above entitled action arises from a civil action filed in Massachusetts State Superior Court by the Plaintiff, Mr. Justin Cook (hereinafter "Cook") against the Defendants, CruiseCompete, LLC (hereinafter "CruiseCompete"), Heidi Allison-Garret (hereinafter "Allison-Garret"), Eric Busick (hereinafter "Busick"), and Robert A. Levinstein (hereinafter "Levinstein") (CruiseCompete, Allison-Garret, Busick and Levinstein are collectively "the Defendants") alleging breach of fiduciary duty and fraud in the inducement of a contract as a result of work performed by Cook, in providing search engine optimization services to the Defendants in exchange for common stock in CruiseCompete. Cook's civil action was removed by the Defendants on March 9, 2005 on the basis of Diversity Jurisdiction pursuant to 28 U.S.C. §§ 1132, 1441(d), and 1446(b).

The Plaintiff's Motion to Remand should be granted as: (1) removal of this case based on Diversity Jurisdiction is improper as the matter in controversy does not exceed the sum or value of

$ 75,000, exclusive of interest and costs; and (2) the Plaintiff's Motion to Remand is timely as the Notice of Removal was filed on March 9, 2005. *See* 28 U.S.C. §§ 1332(a) and 1447(c). Further, the Plaintiff is entitled to the payment of just costs and any actual expenses, including attorney's fees, incurred as a result of this removal.

## PROCEDURAL HISTORY

This action was originally filed in Suffolk County Superior Court in Boston, Massachusetts and was removed by the Defendants to this Court on March 9, 2005 on the alleged basis of Diversity Jurisdiction pursuant to 28 U.S.C. §§1332 and 1446. The Plaintiff now moves to remand this case to Suffolk County Superior Court in Boston, Massachusetts.

## FACTS

On or about May 6, 2003, CruiseCompete contacted Cook in Massachusetts and engaged Cook to perform computer internet services for its business operations. As CruiseCompete lacked the cash to pay for Cook's services, Levinstein, acting as a promoter of CruiseCompete, offered, and Cook accepted, payment in the form of a five (5%) percent interest in the Limited Liability Company that was formed to incorporate CruiseCompete.[1] On or about November 8, 2004, after Cook had rendered his services to CruiseCompete, the Defendant's offered Cook five-thousand ($5,000.00) dollars for his fifty (50) LLC units. *See* Defendant's Exhibit 3.[2] If Cook refused this offer the Defendant's threatened to: (1) issue additional ownership units to the other partners, diluting Cook's ownership to essentially Zero; (2) take action to eliminate all of Cook's monthly partnership shares; and (3) take action to remove Cook from membership in CruiseCompete

---

[1] This 5% interest amounted to 50 of the outstanding LLC units at the time of incorporation. *See* Exhibit 2 attached to Defendant's Notice of Removal (CruiseCompete's finalized operating agreement).

[2] See Defendant's Exhibit 3, a copy of an email sent from Levinstein to Cook offering to buy-out Cook's shares in CruiseCompete. This Exhibit evidences that at the time of this email the Defendant's believed Cook's interest was only worth $5,000.00.

essentially taking his shares from him. *See* Defendant's Exhibit 2. As Cook refused what he believed to be an unreasonably low offer for his shares, as they were originally tendered in exchange for far more valuable services, the Defendants removed Cook as a member of CruiseCompete and this action removed his previously tendered five (5%) percent ownership interest in CruiseCompete.

On or about January 4, 2005, Cook filed a civil action in Suffolk County Superior Court in Boston, Massachusetts against the Defendants, alleging Breach of Fiduciary Duty and Fraud in the Inducement of a Contract. In his Complaint, apart from interest, fees, and costs, Cook asked for relief in the form of a ruling to enjoin the Defendant's from taking any action to dilute or reduce his interest in CruiseCompete.

**ARGUMENT**

I. **THIS COURT SHOULD RAMAND THIS CASE TO SUFFOLK COUNTY SUPERIOR COURT IN BOSTON, MASSAHCUSETTS FOR FAILURE TO MEET THE $75,000.00 REQUIREMENT FOR DIVERSITY JURISDICTION.**

It is settled law that a defendant may remove an action from state court only where the federal court would have had original jurisdiction. *Chin v. Holiday Cruises II, Inc.*, 141 F.R.D. 367, 369 (D.Mass. 1992); *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702-703, 31 L. Ed. 2d 612, 92 S. Ct. 1344 (1972). A federal district court has original jurisdiction over a case raising only state law claims if the plaintiffs and defendants are citizens of different states (or foreign countries) *and* if the "matter in controversy" exceeds $ 75,000 in amount or value. *See* 28 U.S.C. § 1332(a) (emphasis added). The Plaintiff does not dispute diversity of citizenship. The Plaintiff only disputes that the state law claim meets or exceeds the required $75,000 amount-in-controversy.

3

It has been established that the party seeking to invoke this Court's jurisdiction, CruiseCompete, has the burden to establish that subject matter jurisdiction exists. *See Taber Partners I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)*. In their Notice of Removal, the Defendants' make a blanket statement that "[t]his is a civil action in which the matter in controversy *as alleged in the complaint* exceeds the sum of $75,000, exclusive of interest and costs." *See* Defendants' Notice of Removal , ¶ 5 (emphasis added). The Plaintiff contends that the Defendants' assertion is incorrect and without foundation.

For the purposes of removal, the determination of the amount in controversy is not always lucid. Normally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 82 L. Ed. 845, 58 S. Ct. 586 (1938)). However, the plaintiff's estimation of the value of his claims may, at times, be challenged by the defendant. Usually, the context for such a challenge is a motion by a defendant to dismiss a complaint originally filed in federal court on the ground that subject matter jurisdiction is lacking. *See, e.g., Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995). In those cases it is the plaintiff's burden to justify that the $75,000 threshold is met. *Id.* It is somewhat less common, though still permissible, for a defendant who has removed a case to federal court to seek to demonstrate that the plaintiff's damage estimate is unrealistically low, perhaps understated precisely in order to avoid federal jurisdiction. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000). In the instant case, the Defendants are not arguing that the Plaintiff's request for damages is unreasonably low, they are simply alleging, without support for there allegation, that this matter meets and or equals the $75,000 threshold. As the Defendants are the parties attempting to invoke the jurisdiction of this court they bear the burden of proving proper

4

subject matter jurisdiction. In the instant case, an evaluation of the pleadings evidences that the Plaintiff's complaint seeks equitable relief and *not* damages of a sum certain meeting or exceeding $75,000. As such, the Defendant's blanket assertion that this mater involves an amount in controversy equal to or greater that $75,000, without any proof or explanation, is incorrect.

In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 347-48, (1977). Here the object of the litigation is the five (5%) percent interest in CruiseCompete that was taken from Cook by the Defendant's. In his state court complaint, Cook did not allege that his shares were worth an amount equal to or in excess of $75,000. Cook simply demonstrated that he would not accept a payment of five thousand ($5,000) dollars for them. The United States Supreme Court has stated that once challenged, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. *See Gibbs v. Buck*, 307 U.S. 66, 72, 83, (1983). As the Defendants sought removal to this Court based on Diversity Jurisdiction, the Defendants now bear the burden of proving that the object of the litigation have a value greater than or equal to $75,000.

The Defendants prior actions and assertions will make it very difficult for them to establish a good faith belief that the value of the object of the litigation exceeds the jurisdictional minimum. In a November 8, 2004 email to Cook, the Defendants offered to buy Cook's 50 LLC units for five thousand ($5,000) dollars, which they referred to as a "fair buy out offer". *See* Defendants' Exhibit 3. This offer by the Defendants clearly establishes that prior to Cook's civil action they believed that value of the object of the litigation to be five thousand ($5,000) dollars. Later, the Defendants employed an independent appraisal company to determine the value of the stock in question. *See*

5

Plaintiff's Exhibit 5[3]. This appraisal company determined that Cook's interest in CruiseCompete was worth one thousand ($1,000) dollars. *Id.* This value was clearly accepted by the Defendants who in a February 8, 2005 letter to Cook lowered their buy-out offer from the original five thousand ($5,000) dollars to the one thousand ($1,000) dollar mark determined by Arrow Business Appraisers. *See* Plaintiff's Exhibit 6. Finally, on March 9, 2005, the Defendants notified the arbitration company they had recruited to handle this claim, should t go to arbitration. In that letter the Defendants stated:

> **"The party filing the arbitration [the Defendants] claims the respondent [ Cook ] is owed about *$1,000* and there is no reasonable theory pursuant to which [sic] respondent is due more than [seventy-five hundred] *$7,500* [dollars]."** (emphasis added). *See* Plaintiff's Exhibit 7.

Given that on three occasions the Defendants have valued the object of the litigation far below the $75,000 threshold for diversity jurisdiction it is difficult to imagine how they can now possess a good-faith belief that it is worth an amount equal to or exceeding $75,000. Had this amount been offered to Cook as the original buy-out figure then this litigation would have never come to pass. Further, the Defendants' arbitration counsel, in Plaintiff's Exhibit 7, have unequivocally stated that there is no reasonable theory pursuant to which Cook is due more than $7,500.

## CONCLUSION

This case lacks the minimum amount-in-controversy required by 28 U.S.C. § 1332 to confer original subject matter jurisdiction on this Honorable Court. Precedent requires that that the amount in controversy be determined by the pleadings, specifically the Plaintiff's complaint. Here the Plaintiff's prayer for relief request an equitable remedy preventing any and all actions designed to result in the dilution of his interest in CruiseCompete. As Cook seeks an equitable remedy,

---

[3] Plaintiff's Exhibit 5 is a true and correct copy of a letter from Robert C. Malt, president of Arrow Business Appraisers, Inc., evaluating Cook's 5% interest in CruiseCompete LLC at $1,000.00.

6

removal to federal court would be appropriate only if the value of the object of the litigation is found to meet or exceed $75,000 as required by 28 U.S.C. § 1332. This challenge to the legitimacy of this removal shifts the burden to the Defendant's to prove indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. This will be impossible for the Defendant's to accomplish given their evaluations of the value of Cook's shares prior to the filing of this case.

As such, the Plaintiff respectfully requests that this Honorable Court remand this case to Suffolk County Superior Court in Boston, Massachusetts for lack of original subject matter jurisdiction based on diversity.

>Respectfully submitted,
>PLAINTIFF, JUSTIN COOK
>By his attorney:
>
>Marc D. Padellaro - BBO #541847
>MONOHAN & PADELLARO
>43 Thorndike Street
>Cambridge, MA 02141
>Tel: (617) 494-1188
>Fax: (617) 494 0433

Dated: April 6, 2005

**Plaintiff's Exhibit 5**



1897 Palm Beach Lakes Blvd., Suite 212
West Palm Beach, FL 33409
Phone   561-351-1717
Fax     561-431-8068

www.arrowappraisers.com

February 4, 2005

Robert Levinstein
Cruise Compete, LLC
673 61st Street
Des Moines, IA 50312

Mr. Levinstein,

As requested, I am pleased to present my estimate of the fair market value of 5% of the membership interest of Cruise Compete, LLC, an Iowa Limited Liability Company. The fair market value is estimated as of December 31, 2004, and it is my understanding that the results of my analysis will be used for a proposed shareholder buyout. This valuation is based upon the membership interest of the Limited Liability Company. Therefore this valuation includes all assets and liabilities of the Limited Liability Company, including all non-operating assets and liabilities such as cash, investments, accounts receivable, and any other non-operating assets, as well as, accounts payable, short and long-term debt, and other non-operating liabilities.

Based on the information contained in the detailed report hereinafter presented, it is my professional opinion that the fair market value of 5% of the membership interest of Cruise Compete, LLC as of December 31, 2004 is **ONE THOUSAND DOLLARS ($1,000)**.

My opinion is based upon the assumptions and limiting conditions stated in this report and the facts and circumstances as of the valuation date.

Respectfully submitted,

Robert C. Malt, MBA, CSBA
President
Arrow Business Appraisers, Inc.

**Plaintiff's Exhibit 6**

# CruiseCompete.com
*Travel agents competing to offer the best deal*
673 61st Street, Des Moines, IA 50312

---

<u>VIA FEDERAL EXPRESS</u>

February 8, 2005

Mr. Justin Cook
Sheff Law Offices
Ten Tremont St. 7th Floor
Boston, MA 02108

Dear Justin:

On December 27th, 2004, members representing 95% ownership of CruiseCompete, LLC were unanimous in voting for your removal as an LLC member. As you took no corrective action as formally requested, I'm sure this comes as no surprise. Per the Operating Agreement, your removal was effective as of the end of December.

The only matter remaining for resolution is the buy-out of your membership units. As in your previous conversations with Heidi, you indicated an unrealistic view of the value of the enterprise, we took the extra step of hiring an independent valuation consultant (Arrow Business Appraisers) to value your LLC units. A copy of their detailed report is enclosed. Note that this report also contains the updated CruiseCompete financial statements that the Operating Agreement requires we provide you.

I would strongly recommend that you review the appraiser's report with someone you trust who has business management experience. From what you have told me about your father's background, talking to him would be a good place to start.

The value Arrow came up with was $1,000, and this is the sum the LLC members are now offering you as a buy-out. Should you inform us of your intent to accept this offer by March 1st, 2005, we are willing to pay the entire amount immediately. If we don't hear from you, we will instead remit the payment over the three-year, interest-free period that the Operating Agreement prescribes.

Sincerely,

Robert A. Levinstein
Managing Partner
CruiseCompete, LLC

Cc: Heidi Allison, Eric Busick, Mark S. Levinstein (Williams & Connelly)

Enclosure: Valuation Report

**Plaintiff's Exhibit 7**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

MARK S. LEVINSTEIN
(202) 434-5012
mlevinstein@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 9, 2005

**VIA FAX AND FIRST-CLASS MAIL**

Mr. Larry Allston
Supervisor
American Arbitration Association
Central Case Management Center
13455 Noel Road, Suite 1750
Dallas, TX 75240

Re:  58 459 00054 05. Eric Busick, Heidi Garrett, Robert Levinstein and Justin Cook, Des Moines, Iowa

Dear Mr. Allston:

We submitted our demand for arbitration in the above captioned case on February 28, 2005. In response to your letter dated March 3, 2005 and your conversation with my office concerning the filing fee, the above-referenced arbitration is simply a dispute between two parties over the amount due to respondent. The party filing the arbitration claims the respondent is owed about $1,000 and there is no reasonable theory pursuant to which respondent is due more than $7,500. Therefore, we have tendered the proper filing fee for the arbitration.

If you have any questions, please do not hesitate to call me. I am out of the office this week, but I will be back in the office next week. Thank you for your cooperation with respect to this matter.

Very truly yours,

Mark S. Levinstein

MSLEV:emm
cc: Justin Cook
    Marc D. Padellaro, Esq.