UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| JUSTIN COOK,<br><br>       Plaintiff,<br><br>v.<br><br>CRUISECOMPETE, LLC,<br>HEIDI ALLISON-GARRETT,<br>ERIC BUSICK, and<br>ROBERT A. LEVINSTEIN,<br><br>       Defendants. | Civil Action No. 1:05-CV-10443-JLT |

## DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

Defendants CruiseCompete, L.L.C. ("CruiseCompete"), Heidi Allison Garrett ("Garrett"), Eric Busick ("Busick"), and Robert A. Levinstein ("Levinstein"), collectively "Defendants," by their counsel, for their Answer to the Verified Complaint, respond as follows. This Answer is filed without waiving any of the Defendants' arguments that the Verified Complaint was not properly served, that venue is not proper in Massachusetts, or that this case should be transferred to Iowa.

1

## Introductory Statement

1. Paragraph 1 is a conclusionary statement describing plaintiff's views about the nature of his claim and does not require a response. To the extent that a response is required, Defendants deny the allegations of paragraph 1.

## Jurisdiction and Venue

2. Paragraph 2 states legal conclusions and does not require a response. To the extent that a response is required, Defendants deny the allegations of paragraph 2.

3. Paragraph 3 states legal conclusions and does not require a response. To the extent that a response is required, Defendants deny the allegations of paragraph 3.

## Parties to this Action

4. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 4, and on that basis, the allegations of paragraph 4 are denied.

5. Defendants deny the allegation that CruiseCompete has offices in Boston, Massachusetts. Defendants admit the remaining allegations of paragraph 5.

6. Defendants deny that Garrett is a "shareholder" or a "principal" of CruiseCompete, but admit that she is a member. Defendants admit the remaining allegations of paragraph 6.

7. Defendants deny that Busick is a "shareholder" or a "principal" of CruiseCompete, but admit that he is a member. Defendants admit the remaining allegations of paragraph 7.

8. Defendants deny that Levinstein is a "shareholder" or a "principal" of CruiseCompete, but admit that he is a member. Defendants admit the remaining allegations of paragraph 8.

Facts Common to All Counts

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit that an Operating Agreement was executed, and that the document speaks for itself. Defendants deny the remaining allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15, except admit that plaintiff was originally offered $5,000 for his interest in CruiseCompete.

16. Defendants admit that Levinstein sent an email to Cook, that the document speaks for itself. Defendants deny the remaining allegations of paragraph 16.

17. Defendants admit that plaintiff was removed as a member of CruiseCompete and that the Exhibit was sent to plaintiff, which is a document that speaks for itself. Defendants deny the remaining allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

## Count I
## Breach of Fiduciary Duty
## Justin Cook vs. CruiseCompete, LLC

21. Defendant CruiseCompete reaffirms and restates its responses to the preceding paragraphs and incorporates those responses as if restated herein.

22. Defendant CruiseCompete admits that plaintiff Cook entered into the Operating Agreement with the other members of CruiseCompete, which is a document that speaks for itself. Defendant CruiseCompete denies the remaining allegations of paragraph 22.

23. Defendant CruiseCompete denies the allegations of paragraph 23.

24. Defendant CruiseCompete denies the allegations of paragraph 24.

WHEREFORE, defendant CruiseCompete respectfully requests that this Honorable Court as to Count I award judgment in its favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant CruiseCompete its attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate..

## Count II
### Breach of Fiduciary Duty
### Justin Cook vs. Heidi Allison Garrett

25. Defendant Garrett reaffirms and restates her responses to the preceding paragraphs and incorporates those responses as if restated herein.

26. Defendant Garrett admits that plaintiff Cook entered into the Operating Agreement with the other members of CruiseCompete, which is a document that speaks for itself. Defendant Garrett denies the remaining allegations of paragraph 26.

27. Defendant Garrett denies the allegations of paragraph 27.

28. Defendant Garrett denies the allegations of paragraph 28.

WHEREFORE, defendant Garrett respectfully requests that this Honorable Court as to Count I award judgment in her favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant Garrett her attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate..

## Count III
### Breach of Fiduciary Duty
### Justin Cook vs. Eric Busick

29. Defendant Busick reaffirms and restates his responses to the preceding paragraphs and incorporates those responses as if restated herein.

30. Defendant Busick admits that plaintiff Cook entered into the Operating Agreement with the other members of CruiseCompete, which is a document that

speaks for itself. Defendant Busick denies the remaining allegations of paragraph 30.

31.   Defendant Busick denies the allegations of paragraph 31.

32.   Defendant Busick denies the allegations of paragraph 32.

WHEREFORE, defendant Busick respectfully requests that this Honorable Court as to Count III award judgment in his favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant Busick his attorneys fees and the costs of this action and for such other and further relief this Honorable Court deems appropriate.

### Count IV
### Breach of Fiduciary Duty
### Justin Cook vs. Robert A. Levinstein

33.   Defendant Levinstein reaffirms and restates his responses to the preceding paragraphs and incorporates those responses as if restated herein.

34.   Defendant Levinstein admits that plaintiff Cook entered into the Operating Agreement with the other members of CruiseCompete, which is a document that speaks for itself. Defendant Levinstein denies the remaining allegations of paragraph 34.

35.   Defendant Levinstein denies the allegations of paragraph 35.

36.   Defendant Levinstein denies the allegations of paragraph 36.

WHEREFORE, defendant Levinstein respectfully requests that this Honorable Court as to Count IV award judgment in his favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay

defendant Levinstein his attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate..

## Count V
### Fraud
### Justin Cook vs. CruiseCompete, LLC

37. Defendant CruiseCompete reaffirms and restates its responses to the preceding paragraphs and incorporates those responses as if restated herein.

38. Defendant CruiseCompete lacks information sufficient to form a belief as to the truth of the allegations of paragraph 38, and on that basis, defendant CruiseCompete denies the allegations of paragraph 38.

39. Defendant CruiseCompete admits that plaintiff Cook had an ongoing obligation to provide services to CruiseCompete until plaintiff Cook was removed as a member, and CruiseCompete denies the remaining allegations of paragraph 39.

40. Defendant CruiseCompete denies the allegations of paragraph 40.

41. Defendant CruiseCompete denies the allegations of paragraph 41.

42. Defendant CruiseCompete denies the allegations of paragraph 42.

WHEREFORE, defendant CruiseCompete respectfully requests that this Honorable Court as to Count V award judgment in its favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant CruiseCompete its attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate.

Count VI
Fraud
Justin Cook vs. Heidi Garrett

43. Defendant Garrett reaffirms and restates her responses to the preceding paragraphs and incorporates those responses as if restated herein.

44. Defendant Garrett lacks information sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis, defendant Garrett denies the allegations of paragraph 44.

45. Defendant Garrett admits that plaintiff Cook had an ongoing obligation to provide services to CruiseCompete until plaintiff Cook was removed as a member, and Garrett denies the remaining allegations of paragraph 45.

46. Defendant Garrett denies the allegations of paragraph 46.

47. Defendant Garrett denies the allegations of paragraph 47.

48. Defendant Garrett denies the allegations of paragraph 48..

**WHEREFORE**, defendant Garrett respectfully requests that this Honorable Court as to Count VI award judgment in her favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant Garrett her attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate..

Count VII
Fraud
Justin Cook vs. Eric Busick

49. Defendant Busick reaffirms and restates his responses to the preceding paragraphs and incorporates those responses as if restated herein.

50. Defendant Busick information sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis, defendant Busick denies the allegations of paragraph 50.

51. Defendant Busick admits that plaintiff Cook had an ongoing obligation to provide services to CruiseCompete until plaintiff Cook was removed as a member, and Busick denies the remaining allegations of paragraph 51.

52. Defendant Busick denies the allegations of paragraph 52.

53. Defendant Busick denies the allegations of paragraph 53.

54. Defendant Busick denies the allegations of paragraph 54..

WHEREFORE, defendant Busick respectfully requests that this Honorable Court as to Count VII award judgment in his favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant Busick his attorneys fees and the costs of this action.

Count VIII
Fraud
Justin Cook vs. Robert A. Levinstein

55. Defendant Levinstein reaffirms and restates his responses to the preceding paragraphs and incorporates those responses as if restated herein.

56. Defendant Levinstein lacks information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis, defendant Levinstein denies the allegations of paragraph 56.

57. Defendant Levinstein admits that plaintiff Cook had an ongoing obligation to provide services to CruiseCompete until plaintiff Cook was removed as a member, and Levinstein denies the remaining allegations of paragraph 57.

58. Defendant Levinstein denies the allegations of paragraph 58.

59. Defendant Levinstein denies the allegations of paragraph 59.

60. Defendant Levinstein denies the allegations of paragraph 60.

WHEREFORE, defendant Levinstein respectfully requests that this Honorable Court as to Count VIII award judgment in his favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant Levinstein his attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate.

Count IX
Violation of M.G.L. Chapter 93A
Justin Cook vs. CruiseCompete, LLC

61. Defendant CruiseCompete reaffirms and restates its responses to the preceding paragraphs and incorporates those responses as if restated herein.

62. Defendant CruiseCompete lacks information sufficient to form a belief as to the truth of the allegations of paragraph 62, and on that basis, defendant CruiseCompete denies the allegations of paragraph 62.

63. Defendant CruiseCompete denies the allegations of paragraph 63.

64. Defendant CruiseCompete denies the allegations of paragraph 64.

65. Paragraph 65 is a conclusion of law to which no response is required. To the extent that a response is required, Defendant CruiseCompete denies the allegations of paragraph 65.

66. Paragraph 66 is a conclusion of law to which no response is required. To the extent that a response is required, Defendant CruiseCompete denies the allegations of paragraph 66.

WHEREFORE, defendant CruiseCompete respectfully requests that this Honorable Court as to Count IX award judgment in its favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay defendant CruiseCompete its attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate.

Count X
Shareholders Derivative Action
Justin Cook vs. CruiseCompete, LLC,
Heidi Garrett, Eric Busick and Robert A. Levinstein

67. Defendants reaffirm and restate their responses to the preceding paragraphs and incorporate those responses as if restated herein.

68. Defendants admit that Garrett, Busick, and Levinstein are members of defendant CruiseCompete, LLC. Defendants deny the remaining allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants refer the Court to the documents attached as Exhibits to this paragraph of the Verified Complaint, which speak for themselves. Defendants deny the remaining allegations of paragraph 70.

71.    Paragraph 71 is a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of paragraph 71.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

**WHEREFORE,** Defendants respectfully request that this Honorable Court as to Count X award judgment in their favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay Defendants their attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate.

Defendants intend to rely on any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure and intend to seek leave of this Court to amend their Answer to allege any such matters of which defendants become aware during the course of discovery in or trial of this action.

Defendants deny any and all allegations contained in the complaint that have not been specifically admitted herein.

Defendants deny that plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim as to which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's fraud claims, Counts V – VIII, should all be dismissed because plaintiff has failed to plead fraud with particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should all be dismissed because they were brought in state court in Massachusetts in violation of the forum selection clause in the Operating Agreement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims all lack merit and are merely an attempt to avoid the mandatory arbitration provision in the Operating Agreement, as the only possible viable dispute between the parties concerns the proper valuation of plaintiff Cook's membership units.

## FIFTH AFFIRMATIVE DEFENSE

This case should be dismissed for improper venue, or in the alternative, should be transferred to federal court in Iowa, and under the doctrine of forum non-conveniens.

## SIXTH AFFIRMATIVE DEFENSE

This case should be dismissed because of insufficiency of process and failure of service of process on the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Count X should be dismissed because plaintiff has not properly pleaded any injury to the limited liability company or any claims CruiseCompete may have against the members of CruiseCompete.

### EIGHTH AFFIRMATIVE DEFENSE

Count X should be dismissed because plaintiff Cook does not have standing because he is not a member of the limited liability company.

### NINTH AFFIRMATIVE DEFENSE

Counts I – IV should be dismissed because plaintiff has failed to plead any basis for his claim that the defendants had a fiduciary duty to the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitation or repose.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, waiver, laches, set off and recoupment, adequate remedy at law, and those who seek equity must do equity.

### TWELFTH AFFIRMATIVE DEFENSE

If the plaintiff has been damaged (which defendants dispute), plaintiff's damages were caused by others over whom defendants have no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

If the plaintiff has been damaged (which defendants dispute), plaintiff's damages were caused by its own acts and/or omissions, plaintiff assumed the risk of its injuries, plaintiff was contributorily negligent and comparatively negligent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because this Court lacks personal jurisdiction over the defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under Count IX because the requirements of Mass. Gen. L. Ch. 93A are not met, the alleged acts and/or omissions (which are disputed by defendants) are not "unfair" and/or "deceptive" or "knowing" or "intentional" (which are disputed by defendants), and plaintiff is not entitled to any statutory relief, including but not limited to single, double or treble damages and attorneys fees and costs, and the statute does not apply to the situation at bar.

### Demand For Jury Trial

Defendants demand a trial by jury as to all issues so triable.

**WHEREFORE,** Defendants respectfully request that this Honorable Court, as to all counts, award judgment in the Defendants' favor and enter judgment against plaintiff, deny plaintiff any and all relief, and order plaintiff to pay Defendants their attorneys fees and the costs of this action, and for such other and further relief this Honorable Court deems appropriate.

> SPECIALLY APPEARING
> DEFENDANTS CRUISECOMPETE
> LLC, HEIDI ALLISON-GARRETT,
> ERIC BUSICK AND ROBERT A.
> LEVINSTEIN,
>
> By their attorney,
>
> /s/ Daniel C. Hohler
> Daniel C. Hohler (BBO#633065)
> 233 Needham Street, Suite 300
> Newton, MA 02464
> Tel: (617) 454-1450
> Fax: (617) 454-1451
> Email: dhohler@hohlerlaw.com

Dated: April 28, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 4/28/05