UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| JUSTIN COOK,<br><br>    v.<br><br>CRUISECOMPETE, LLC,<br>HEIDI ALLISON-GARRET,<br>ERIC BUSICK, and<br>ROBERT A. LEVINSTEIN | Plaintiff,<br><br><br><br><br><br><br>Defendants. | Civil Action No. 1: No. 1:05-CV-10443-JLT |

**PLAINTIFFS' MOTION TO STAY ARBITRATION PENDING
DETERMINATION OF ARBITRABILITY**

The plaintiff, Justin Cook, hereby requests that the arbitration sought by the defendants, CruiseCompete, LLC, Heidi Allison-Garret, Eric Busick and Robert Levinstein be stayed pending a determination as to the arbitrability of the asserted claims. This action arises from a civil action filed by the plaintiff alleging breach of fiduciary duty and fraud in the inducement of a contract as a result of services provided by Justin Cook in providing search engine optimizations in exchange for common stock in CruiseCompete, LLC. The arbitration clause in question encompasses disputes as to the valuation of this common stock arising subsequent to a member's removal and is not, by its language, intended to cover the disputes now before the court. Section 7.5 <u>Removal Of A Member</u> subsection (f)[1] of the OPERATING AGREEMENT OF

---

[1] The removed Member shall receive in exchange for his or her LLC Units the Removal Compensation Amount to be paid within 3 years of the effective date of the Member's removal. The payments shall be made in three equal installments payable at the annual anniversary of the effective date of removal with <u>no</u> interest being due or owing upon the outstanding amount. The "Removal Compensation Amount" is defined herein as an amount agreed upon between a majority in interest of the remaining LLC members and the removed Member as the fair market value of the removed Member's LLC Units. Should the parties be unable to agree upon a value for the removed Member's LLC Units, they shall resolve the matter by way of arbitration. The arbitration shall be held in Des Moines, Iowa or in any other location agreed to by the parties. The arbitration shall be conducted in accordance with the rules promulgated by the American

CRUISECOMPETE, LLC contains the arbitration agreement and narrowly defines the circumstances under which arbitration is to occur. This issues in dispute and the remedies sought in the instant case are not within the intended coverage of the clause.

**1. Background**

On or about May 6, 2003, CruiseCompete contacted Cook in Massachusetts and engaged him to perform computer internet services for its business operations. As CruiseCompete lacked the cash to pay for Cook's services, Levinstein, acting as a promoter of CruiseCompete, offered, and Cook accepted, payment in the form of a five percent (5%) interest in the Limited Liability Company that was formed to incorporate CruiseCompete. On or about November 8, 2004, after Cook had rendered his services to CruiseCompete, the Defendants offered Cook five-thousand dollars ($5000.00) for his fifty (50) LLC units. If Cook refused this offer the Defendants threatened to: (1) issue additional ownership units to the other partners, diluting Cook's ownership to essentially Zero; (2) take action to eliminate all of Cook's monthly partnership shares; and (3) take action to remove Cook from membership in CruiseCompete essentially taking his shares from him. As Cook refused what he believed to be an unreasonably low offer for his shares, as they were originally tendered in exchange for far more valuable services, the Defendants removed Cook as a member of CruiseCompete and this action removed his previously tendered five percent (5%) ownership interest in CruiseCompete.

---

Arbitration Association. The arbitrator shall be asked to determine the fair market value of the removed Member's LLC Units should the enterprise be sold on the open market between a willing buyer and a willing seller in a commercially reasonable manner upon the effective date of the removal. If the Members cannot agree on an arbitrator within ninety (90) days of request for arbitration, then the removed Member and the other Members shall each select an arbitrator (the remaining Members select and the removed Member selects an arbitrator), and those two arbitrators shall select a third arbitrator within sixty (60) days. The arbitration whall be completed within two hundred and ten (210) days after either party serves notice requesting arbitration. The removed member shall pay the feels of all arbitrators.

On or about January 4, 3005, Cook filed a civil action in Suffolk County Superior Court in Boston, Massachusetts against the Defendants, alleging Breach of Fiduciary Duty, Fraud in the Inducement of a Contract and claims for damages under 93A. The 93A claim asserts that the members of CruiseCompete LLC had no intention of honoring their original agreement with the plaintiff and resorted to "bullying" and threats in order to attempt to forcefully deprive the plaintiff of his shares in CruiseCompete. In his complaint, apart from interest, fees and costs, Cook asked for relief in the form of a ruling to enjoin the Defendants from taking any action to dilute or reduce his interest in CruiseCompete.

2. **Argument**
   **Due to the fact that the arbitration clause in question is narrow in scope and does not cover the asserted claims and because the defendants have failed to apply to the court for an order directing the parties to arbitration pursuant to 251 Mass. Gen. Laws §2, arbitration should be stayed.**

The relief sought by the plaintiff is of an equitable nature and has no immediate relationship to a valuation dispute which would be covered under the arbitration clause of the OPERATING AGREEMENT OF CRUISECOMPETE. Additionally, 251 Mass. Gen. Laws. §2(a) states:

> "A party aggrieved by the failure or refusal of another to proceed to arbitration under an agreement described in section one may apply to the superior court for an order directing the parties to proceed to arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall, if it finds for the applicant, order arbitration; otherwise, the application shall be denied"

In the instant case, the plaintiff, Cook, does not deny the existence of the arbitration agreement, but asserts that the claims fall outside of the scope of that agreement. The defendants, while repeatedly insisting that this matter is covered under the agreement's arbitration clause and should be submitted to arbitration, have submitted no application to

the court requesting the court to direct the parties to proceed to arbitration. Rather, the defendants have continued to press for arbitration and attempted to force the plaintiff into proceedings that are unwarranted and outside of the agreement. Under section 251 of the Massachusetts General Laws the proper course of action would be to proceed to a judgment on the plaintiff's asserted claims and thereafter submit any valuation disputes to arbitration.

The arbitration clause in question is not a "broad" arbitration clause, subject to loose interpretation. The language of the clause is clear and explicit as to what disputes it covers and under what circumstances it is to apply. The text clearly indicates that arbitration is to cover valuation disputes arising out of the removal of a member of the limited liability company. The remedy sought by the plaintiff has no bearing on the valuation of the Member's LLC Units, but rather seeks to enjoin the defendants from diluting the value of the plaintiff's shares. Only after a judgment on the claims would a valuation dispute arise. The court in <u>Intl. Assn. of Fire Fighters v. Chicopee</u>, 430 Mass. 417 held that even a broad arbitration clause should not be applicable where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." The language of the arbitration clause in the instant case clearly limits its applicability and indicates that it is not intended to cover the asserted claims.

Accordingly, plaintiff, Justin Cook, respectfully requests that the plaintiff's motion to stay arbitration be granted pending a determination as to the arbitrability of the asserted claims.

Respectfully Submitted,
Plaintiff Justin Cook,

By his attorney,

/s/ Marc D. Padellaro

Marc D. Padellaro
BBO# 541847
Monahan & Padellaro
43 Thorndike Street
Cambridge, MA 02141
(617) 494 – 1188

## LOCAL RULE 7.I(2) CERTIFICATION

Undersigned counsel hereby certifies that he has conferred with Defendant's counsel and in good faith attempted to resolve or narrow the issues in this case but has been unable to do so.

Respectfully Submitted,
Plaintiff Justin Cook,

By his attorney,

/s/ Marc D. Padellaro

Marc D. Padellaro
BBO# 541847
Monahan & Padellaro
43 Thorndike Street
Cambridge, MA 02141
(617) 494 – 1188